PEOPLE v WITHERSPOON

Docket No. 233774. Submitted March 18, 2003, at Lansing. Decided June 26, 2003, at 9:00 A.M.

Anthony Witherspoon was convicted by a jury in the Wayne Circuit Court, Leonard Townsend, J., of second-degree criminal sexual conduct, MCL 750.520(c)(1)(a), after he allegedly sexually assaulted his girlfriend's nine-year-old daughter. He was sentenced as a fourth-offense habitual offender to eight to twenty years in prison. The defendant appealed his conviction and sentence. The Court of Appeals, GRIFFIN, P.J., and GAGE and METER, JJ., in an unpublished opinion per curiam issued November 19, 2002 (Docket No. 233774), remanded the case to the trial court for a hearing to allow the defendant to make an offer of proof regarding his theory that the victim's father encouraged her to testify falsely against the defendant, and his claim that the defendant was ordered to sit with his back to his accusers during trial. After the hearing on remand, the trial court held that the defendant failed to present any evidence regarding these theories. The defendant appealed the trial court's determinations on remand, as well as the trial court's scoring of offense variable 10 of the sentencing guidelines.

The Court of Appeals *held*:

1. Despite his opportunity at the hearing on remand, the defendant offered no evidence in support of his theory that the victim's father may have encouraged the victim to lie. Absent some evidentiary support, the error, if any, in excluding the evidence was harmless. Similarly, there is no merit in the defendant's argument that he was denied the effective assistance of counsel when defense counsel failed to object to the trial court's alleged order that the defendant sit with his back to his accusers during trial. There is no evidence in the trial record or in the transcript from the hearing on remand that the defendant was ordered to do so. Rather, it appears the defendant chose to sit with this back to his accusers.

2. The defendant argues that the trial court erred in scoring offense variable 10 (OV 10) at fifteen points. However, the defendant forfeited review of this issue by failing to raise it at or before sentencing. MCR 6.4219(C). Moreover, defense counsel represented during sentencing that scoring of the guidelines resulted in a mini-

mum sentence of between 29 and 114 months. The trial court's sentence of eight to twenty years was within the represented guidelines range, and any err in scoring OV 10 was harmless. Finally, OV 10 requires the court to consider evidence of "predatory conduct" by the defendant. Evidence regarding predatory conduct is defined as "preoffense conduct directed at a victim for the primary purpose of victimization." MCL 777.40(3)(a). Here, the evidence showed that the defendant waited until the victim was alone and in an isolated location before committing the assault. The timing and location of the assault are evidence of preoffense predatory conduct. Thus, the trial court's scoring of OV 10 at fifteen points was not clearly erroneous.

Affirmed.

SENTENCES — SENTENCING GUIDELINES — PREDATORY CONDUCT.

For purposes of scoring the sentencing guidelines offense variable relating to predatory conduct, which is defined as "preoffense conduct directed at a victim for the primary purpose of victimization," evidence that the defendant timed his assault to occur when the victim was alone and in an isolated location constituted evidence of predatory conduct (MCL 777.40[3][a]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael E. Duggan*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Larry L. Roberts*, Assistant Prosecuting Attorney, for the people.

*William F. Branch* for the defendant.

Before: GRIFFIN, P.J., and GAGE and METER, JJ.

GRIFFIN, P.J. Defendant Anthony Witherspoon appeals as of right his conviction and sentence for second-degree criminal sexual conduct, MCL 750.520(c)(1)(a). The circuit court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to eight to twenty years in prison for the conviction, which involved a sexual assault against a nine-year-old girl.

Previously, in *People v Witherspoon*, unpublished opinion per curiam of the Court of Appeals, issued November 19, 2002 (Docket No. 233774), we remanded the case to the trial court for a hearing regarding factual issues relating to defendant's conviction. After our review of the transcript of the hearing on remand and the parties' supplemental briefs, we affirm defendant's conviction and sentence.

On appeal, defendant theorizes that the victim's father may have encouraged the victim to falsely testify that defendant committed the sexual assault. Defendant speculates that the victim's father was jealous of defendant because of defendant's relationship with the victim's father's ex-wife and encouraged the victim to lie for custody purposes. In our earlier opinion, we noted that the trial court limited the examination regarding this issue and foreclosed defense counsel from making an offer of proof. Nevertheless, at trial, defense counsel was permitted to ask the victim:

*Q.* . . . did your father ever tell you what to say in court today?
*A.* No.

Further, the trial transcript reveals that defendant made no effort to call the victim's father as a witness.

On remand, we afforded defendant an opportunity to make an offer of proof regarding the excluded testimony. MRE 103(a)(2). However, at the hearing on remand defendant offered no evidence in support of his theory that the victim's father may have encouraged the victim to lie. Absent some evidentiary support, the error, if any, in excluding the evidence was harmless. *People v Lukity*, 460 Mich 484; 596 NW2d 607 (1999); MCL 769.26. As the trial judge ruled

at the hearing on remand, defendant's theory is "[p]ure speculation; there is no evidence, whatsoever, to sustain that."

Next, defendant claims that at trial the trial court improperly ordered defendant to sit with his back to his accusers, and that he was denied the effective assistance of counsel when his counsel failed to object to this denial of his right to confrontation. We find no merit in defendant's argument. After reviewing the transcript of both the trial and the hearing on remand, we find no indication that the trial court ordered defendant to sit with his back to his accusers. Instead, the sheriff's deputy told defendant to sit in the defendant's chair, but never ordered defendant to sit with his back to the judge and the witness stand. From our review, we conclude that defendant voluntarily sat in the chair and never attempted to turn the chair to face his accusers.

Finally, defendant argues that he is entitled to resentencing because the trial court *may* have miscalculated the scoring of the sentencing guidelines. Specifically, defendant argues that the trial court committed error requiring reversal by scoring offense variable 10 (OV 10) at fifteen points on the basis of defendant's "predatory conduct."

First, pursuant to MCR 6.429(C), defendant forfeited the issue of the alleged misscoring of the guidelines by failing to raise the issue at or before sentencing. See also MCL 769.34(10). Further, assuming the applicability of the plain-error doctrine to forfeited sentencing-guideline issues, see *People v Kimble*, 252 Mich App 269; 651 NW2d 798 (2002), lv gtd 468 Mich 870 (2003), for the reasons stated below, we conclude that scoring OV 10 at fifteen points was not plain error.

Second, in general, an appellant may not benefit from an alleged error that the appellant contributed to by plan or negligence. *People v Carter*, 462 Mich 206, 214-216; 612 NW2d 144 (2000); *Bloemsma v Auto Club Ins Ass'n (After Remand)*, 190 Mich App 686, 691; 476 NW2d 487 (1991). Here, on two occasions during the sentencing proceedings, defense counsel represented to the trial court that the scoring of the guidelines resulted in a minimum sentence of between 29 and 114 months. On the second occasion, the following colloquy occurred:

> *The Court:* Okay. You have already–now, after you've gone through all of your, with the slide rule and everything–
>
> *Mr. Harris (defense counsel):* Yes.
>
> *The Court:*–what do you come up with?
>
> *Mr. Harris:* Twenty-nine, on the minimum–29 months on the minimum, and 114 months on the maximum. Based on Habitual Fourth.
>
> *The Court:* Okay. Okay, very good. For purposes of argument, I will accept your calculations.
>
> *Mr. Harris:* Yes, your Honor.
>
> *The Court:* Okay. Very good. No problem.

After accepting defense counsel's scoring of the guidelines, the trial judge proceeded to sentence defendant to a sentence within the represented guidelines range:

> *Mr. Harris:* I'm suggesting that the Court stay towards the 29 months.
>
> *The Court:* No. I mean, I told you I'm going to stick with the calculations that you made. I've already said that.
>
> *Mr. Harris:* Well, that's the minimum range, Judge. Of course, the Court sets the maximum range.
>
> *The Court:* Okay. Then I still say I accept what you say.

*Mr. Harris:* And I would ask the Court to accept the maximum range at no more, no more than the underlying offense, which would be 15 years. So, I would ask the Court for a sentence of 29 months to 15 years.

*The Court:* Okay. Mr. Witherspoon, is there anything you wish to say?

*Defendant Witherspoon:* Nothing, sir.

*The Court:* Pardon?

*Defendant Witherspoon:* No.

*The Court:* Anything from the People?

*Mr. Wenzel (prosecuting attorney):* We only ask, based upon the number of convictions Mr. Witherspoon has, the nature of this offense, involving a child, we would ask for a sentence of anywhere from nine years to 25.

*The Court:* Okay. Since we've been advised that you're under the – was the [sic] also convicted of the Fourth Offender?

*Mr. Wenzel:* Yes. That's an actual advisory notice, Judge.

*The Court:* All right. The Department of Corrections has stated that there's one sentence. That you don't sentence anymore and then vacate the sentence and sentence him as a habitual. You do the sentencing.

*Mr. Wenzel:* It's an advisory–

*The Court:* So, the maximum of 15 could be a maximum of life; is that correct?

*Mr. Wenzel:* Yes, sir.

*The Court:* Anywhere up to life?

*Mr. Wenzel:* Yes, sir.

*The Court:* Okay. The Court will sentence him to a minimum of eight years to 20. Okay.

Because defendant's sentence of eight to twenty years is within the guidelines range represented by defendant, error, if any, in the scoring of OV 10 is harmless. MCL 769.34(10).

Finally, we hold that, on the facts of the case, the trial judge's scoring of fifteen points for OV 10 based

on "predatory conduct" was not clearly erroneous.[1] Although the sentencing judge erred in stating "all sex offenses are predatory," it is well settled that we will not reverse when the trial court reaches the correct result for the wrong reason. *People v Jory*, 443 Mich 403, 425; 505 NW2d 228 (1993); *People v Lucas*, 188 Mich App 554; 577; 470 NW2d 460 (1991).

Scoring decisions under the sentencing guidelines are not clearly erroneous if "there is *any* evidence in support" of the decision. *People v Elliott*, 215 Mich App 259, 260; 544 NW2d 748 (1996) (emphasis added). Evidence regarding "predatory conduct" is statutorily defined as "preoffense conduct directed at a victim for the primary purpose of victimization." MCL 777.40(3)(a). In *Kimble, supra* at 274-275, our Court addressed this statutory definition of "predatory conduct" and held that the following factual situation justified a score of fifteen points:

> Defendant also claims that the trial court misscored OV 10 at fifteen points. Under MCL 777.40(1)(a), the trial court must assign fifteen points to this variable if "[p]redatory conduct was involved." The statute defines predatory conduct as "preoffense conduct directed at a victim for the primary purpose of victimization." MCL 777.40(3)(a). Here, the record reflects that defendant and his accomplices drove around for an hour, looking for a car to steal so they could remove and sell the wheel rims. The record further indicates that, when defendant and his cohorts saw the victim driving a car with valuable rims, they followed the victim home, watched the victim pull into the driveway, and shot

---

[1] In *People v Fields*, 448 Mich 58, 77; 528 NW2d 176 (1995), our Supreme Court applied a "clearly erroneous" standard of review to factual decisions made at sentencing: "[W]e hold that the existence or nonexistence of a particular factor is a factual determination for the sentencing court to determine, and should therefore be reviewed by an appellate court for clear error."

the victim in order to steal the car. Defendant's preoffense behavior in seeking out a victim and following this victim home for the specific purpose of committing a crime against her was clearly predatory within the meaning of the statute. Accordingly, the trial court did not err in assigning fifteen points for OV 10.

In the present case, the nine-year-old victim testified that defendant was her mother's boyfriend, who at the time of the sexual assault was not living with them but would visit and often spend the night. The third grader testified that when no one else was present and she was folding clothes in the basement, defendant approached her and committed a sexual assault. We conclude that the *timing* of the assault (when no other persons were present) and its *location* (in the isolation and seclusion of the basement) are evidence of preoffense predatory conduct. Like *Kimble, supra,* it may be inferred from the evidence that defendant *watched* his victim and *waited* for any opportunity to be alone with her in an isolated location. On the basis of this evidence, the trial court's scoring of OV 10 at fifteen points for predatory conduct was not clearly erroneous.

Affirmed.