# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PATRICK EUGENE SCARBERRY,

        Defendant-Appellant.

UNPUBLISHED
November 20, 2014

No. 317183
St. Joseph Circuit Court
LC No. 12-018185-FH

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for first-degree home invasion, MCL 750.110a(2), and domestic assault, MCL 750.81(2). We affirm.

The jury heard evidence that defendant entered a bedroom in his ex-wife's apartment through a window screen while his ex-wife and daughter were asleep. According to the trial testimony, defendant slapped his ex-wife in the face when she got up and he asked his daughter to leave with him. Defendant then left the apartment alone and his ex-wife called her brother and told him what occurred. The brother called the police, and when a police officer arrived, the ex-wife told the officer what had happened.

Defendant first argues that the trial court erred in admitting his ex-wife's testimony that she had obtained a PPO against him in September or October 2011, approximately nine to ten months before the events giving rise to the instant charges, because "he slapped [her] and put [her] in a headlock."[1] Defendant concedes that, under MCL 768.27b(1), "in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose which is relevant, if it is not otherwise excluded under Michigan rule of evidence 403." Defendant's ex-wife's testimony regarding the PPO was relevant because it contained allegations that defendant had exhibited the same violent behavior, i.e., slapping, toward her as he was alleged to have exhibited in the instant case. Nonetheless, under MRE 403, "[a]lthough relevant, evidence

---

[1] We review for an abuse of discretion a trial court's decision to admit evidence. See *People v Kowalski*, 492 Mich 106, 119; 821 NW2d 14 (2012).

may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" In addition to its aforementioned relevance, the PPO testimony illustrated the nature of defendant's relationship with his ex-wife and assisted the jury in assessing his ex-wife's credibility. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). Moreover, any prejudicial effect of the trial court's decision to allow testimony regarding the PPO did not substantially outweigh its probative value. *People v Cameron*, 291 Mich App 599, 612; 806 NW2d 371 (2011). The testimony was brief, see *People v Railer*, 288 Mich App 213, 220; 792 NW2d 776 (2010), and the trial court minimized the prejudicial effect of the evidence by instructing the jury that defendant was "not on trial for what happened as alleged in the PPO or anything related to the PPO[,]" see *Cameron*, 291 Mich App at 612. Accordingly, the trial court did not abuse its discretion in admitting testimony regarding the PPO obtained against defendant by his ex-wife.

Defendant next argues that the testimony of his ex-wife's brother and a police officer describing his ex-wife's statements shortly after the incident was improperly admitted. Defendant does not assert that the trial court erred by admitting this hearsay testimony under the excited utterance exception, MRE 803(2); rather, he argues only that the testimony was needlessly cumulative under MRE 403, which provides in relevant part that "evidence may be excluded if its probative value is substantially outweighed by the . . . needless presentation of cumulative evidence." We find that the evidence was not needlessly cumulative because it was probative of defendant's guilt, occurred close in time to the commission of the charged crimes, and was relevant to the jury's assessment of defendant's ex-wife's credibility. *People v King*, 297 Mich App 465, 476-477; 824 NW2d 258 (2012). Accordingly, the trial court did not abuse its discretion in admitting the challenged testimony.

Defendant also raises challenges to the scoring of offense variables (OVs) 3, 4, 10, and 12.[2]

Under MCL 777.33(1), a trial court must score OV 3 at five points when "[b]odily injury not requiring medical treatment occurred to a victim." Defendant's ex-wife testified that it hurt when defendant slapped her and the slap caused her face to turn red. She subsequently complained to an officer about pain on her face. Thus, a preponderance of the evidence supports a finding that the ex-wife suffered from a bodily injury sufficient to support a score of five points for OV 3.

A trial court must score OV 4 at 10 points when "serious psychological injury requiring professional treatment occurred to a victim" or "if the serious psychological injury may require professional treatment." MCL 777.34. Defendant's ex-wife's brother testified that the victim was "bawling, hysterical, and almost hyperventilating" when she called him. An officer also testified that she was upset when he arrived at the scene. In addition, defendant's ex-wife

---

[2] A trial court's factual determinations during sentencing are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430; 438; 835 NW2d 340 (2013). Whether the facts are "adequate to satisfy the scoring conditions prescribed by statute" is a question of statutory interpretation, which this Court reviews de novo. *Id.*

requested contact from her local domestic violence shelter after the incident and was "very nervous" to see defendant at trial. On this record, we conclude that the trial court properly scored OV 4 at 10 points. See *People v Armstrong*, 305 Mich App 230; 851 NW2d 856 (2014).

A trial court must score OV 10 at 15 points when "[p]redatory conduct was involved." MCL 777.40. In this case, defendant entered the bedroom through a window at night and assaulted his ex-wife and asked his daughter to leave with him. The timing of the entrance, at night, and its location, in an isolated bedroom, constituted "evidence of preoffense predatory conduct," and "it may be inferred from the evidence that defendant watched [the ex-wife and daughter] and waited for any opportunity to be alone with [them] in an isolated location." *People v Witherspoon*, 257 Mich App 329, 336; 670 NW2d 434 (2003). Thus, the trial court did not err by scoring scoring OV 10 at 15 points.

Regarding OV 12, a trial court must score five points when "[o]ne contemporaneous felonious criminal act involving a crime against a person was committed." MCL 777.42(1)(e). We agree with defendant that his act of entering the apartment and assaulting his ex-wife while she and her daughter were present could not serve as the basis of scoring OV 12 at five points because those acts established the sentencing offense of first-degree home invasion. *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010). Nevertheless, because the error does not change defendant's minimum sentence range under the legislative guidelines, resentencing is not required. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

Defendant argues that the trial court erred by sentencing him based on inaccurate information when it, in reliance on the presentence investigation report (PSIR), stated that defendant slapped his ex-wife twice when the evidence only supported a finding that defendant slapped her once. However, there is no indication in the record that the presence of an alleged second slap in defendant's PSIR altered the trial court's sentence and defendant does not dispute the allegation that he slapped his wife once. As discussed above, the trial court did not err in scoring 10 points under OV 4 on the basis of a single slap. Accordingly, defendant is not entitled to relief on his claim that he was sentenced on the basis of inaccurate information.

Lastly, defendant argues that the trial court engaged in improper judicial fact-finding during sentencing in violation of *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013). However, we are bound by this Court's opinion in *People v Herron*, 303 Mich App 392; 845 NW2d 533 (2013), which addressed and rejected defendant's argument. MCR 7.215(J)(1).

Affirmed.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro