# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WOODROW ANTHONY BRAND,

Defendant-Appellee.

UNPUBLISHED
May 14, 2015

No. 319090
Crawford Circuit Court
LC No. 12-003408-FC

Before: JANSEN, P.J., and METER and BECKERING, JJ.

PER CURIAM.

Defendant was convicted, following a jury trial, of delivery of a controlled substance causing death, MCL 750.317a. The trial court sentenced defendant as a habitual offender, fourth offense, MCL 769.12, to 20 to 40 years in prison. Defendant appeals as of right and we affirm.

First, defendant argues that the evidence on which his conviction was based was insufficient. Due process[1] requires that evidence of every element be proved beyond a reasonable doubt in order to sustain a criminal conviction. *People v Hampton*, 407 Mich 354, 366; 285 NW2d 284 (1979), citing *In re Winship*, 397 US 358, 364; 90 S Ct 1068; 25 L Ed 2d 368. In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, an appellate court is required to take the evidence in the light most favorable to the prosecutor to ascertain whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010). Direct and circumstantial evidence, as well as all reasonable inferences that may be drawn, when viewed in a light most favorable to the prosecution, are considered to determine whether the evidence was sufficient to support the defendant's conviction. *People v Hardiman*, 466 Mich 417, 429; 646 NW2d 158 (2002). We review de novo a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010).

The evidence established that Anthony Kopka died of respiratory arrest secondary to heroin usage. Defendant argues that there was no evidence linking the heroin that caused Kopka's death to heroin obtained from defendant. First, defendant argues that Jamie Zavitz was the only one identified as supplying the heroin. However, two witnesses, Benjamin LaBean and Neil Emery, stated that defendant was the source of the heroin purchased by Kopka that was

---

[1] US Const, Am 14.

-1-

delivered by Zavitz. LaBean testified that Kopka invited him to stop by his home because Kopka had obtained heroin from Emery who had obtained it from defendant. Emery testified that he had called defendant to obtain the heroin and that, consistent with previous purchases, defendant sent Zavitz, the mother of his child, to exchange the drugs for money.

The plain language of MCL 750.317a requires only that a defendant deliver certain controlled substances, including heroin, to another person and that it be "consumed by that person *or any other person*" and that it cause "the death of that person *or other person.*" *People v Plunkett*, 485 Mich 50, 60; 780 NW2d 280 (2010). Thus, a rational juror considering this evidence could have concluded beyond a reasonable doubt that defendant supplied heroin to Kopka.

Defendant also argues that it was only speculation that the lethal heroin was supplied by defendant since there was an unaccounted for lapse of time between the purchase and Kopka's death. However, the evidence established that Kopka and Emery obtained between one and a half and two grams of heroin from defendant. La Bean testified that Kopka explicitly told him that the heroin he shared with LaBean shortly before his death was provided by defendant. Emery provided differing accounts of when he and Kopka had obtained the heroin from defendant. He stated at trial that it was at least two days prior to Kopka's overdose, but then confirmed the accuracy of a prior statement in a recorded interview in which he had indicated that it was the night before the early morning death of Kopka. Moreover, another officer stated that Emery had told her that he was with Kopka that evening. Emery also stated that his memory of events was affected by his extended use of substances at the time.

The jury assessed Emery's conflicting testimony and could have decided that his statement that he used the heroin with Kopka on the night before he died was credible. The Court will not interfere with the trier of fact's role of determining the credibility of witnesses. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Given the testimony of LaBean and Emery, a rational juror considering this evidence could have concluded beyond a reasonable doubt that Kopka overdosed on the heroin supplied by defendant.

Next, defendant argues that the trial court erred in denying his motion for a mistrial after irrelevant and prejudicial information was presented to the jury when Emery's interview with the police was played. A trial court's decision to grant or deny a motion for a mistrial is reviewed for an abuse of discretion. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). Plaintiff proffered the interview to impeach Emery's testimony that he was not with Kopka on the night before his death. Defendant had listened to the interview and, before it was played, he objected to irrelevant information. The trial court offered to redact any irrelevant portions of the recording. However, defense counsel also stated that she wished to present several relevant portions of the interview to the jury, and could not specify which statements she was claiming were inadmissible because she could not recall the contents of the entire 43 minute interview. After a bench conference, defense counsel stated that the entirety of the recording should be played to avoid a disjointed presentation. Moreover, after the recording was played, the jury was instructed to disregard the offending material and defendant declined the trial court's offer to strike the evidence from the record.

Because defendant explicitly requested that the trial court play the entire interview for the jury after acknowledging that some of the contents were not relevant, defendant waived any objection to error in admission of some of the contents of the recording. A waiver is the intentional relinquishment of a known right, and it extinguishes any error. *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000). Additionally, an appellant may not benefit from an alleged error that the appellant contributed to by plan or negligence. *People v Witherspoon*, 257 Mich App 329, 333; 670 NW2d 434 (2003); *Phinney v Perlmutter*, 222 Mich App 513, 537; 564 NW2d 532 (1997). Thus, we decline to find any error requiring reversal in the trial court's admission of the contents of the recording, conclude that the trial court did not abuse its discretion in denying defendant's motion for a mistrial and, since the jury was instructed not to consider the problematic evidence, conclude that defendant was not denied a fair trial.

Next, defendant argues that an autopsy report was errantly admitted through the testimony of Deputy John Klepadlo. An autopsy report is testimonial and a defendant has a right to confront the witness who prepared the report. See *People v Lewis*, 490 Mich 921, 921; 806 NW2d 295 (2011). However, when plaintiff moved to admit the autopsy report, defendant replied that it had been admitted through Klepadlo because the person who prepared the report was not available. Plaintiff explained that this person had an inoperable brain tumor and that a physician had informed plaintiff that the person was either not competent to testify or was deceased. The trial court asked if there were any further objection and defendant responded, "None, your honor." Defendant also replied that she had no objection to a juror question asking Klepadlo to read the list of drugs mentioned as a part of the autopsy report.

An attorney's statement of "no objection" is not distinguishable from declaring, "I approve," and can constitute a waiver of objection. *People v Kowalski*, 489 Mich 488, 504-05; 803 NW2d 200 (2011). Counsel may also waive a right to confrontation. *People v Buie*, 491 Mich 294, 306-307; 817 NW2d 33 (2012), citing *Melendez-Diaz v Massachusetts*, 557 US 305, 314 n 3; 129 S Ct 2527, 2539 -2540; 175 L Ed 2d 314 (2009). Here, defense counsel twice approved admission of the autopsy report and even explained why she did not object. An appellant may not benefit from an alleged error that the appellant contributed to by plan or negligence. *Witherspoon*, 257 Mich App at 333; *Phinney*, 222 Mich App at 537. Thus, this Court will not find a constitutional violation or error requiring reversal based on the admission of the autopsy report through Klepadlo.

Finally, defendant argues that the trial court errantly relied on facts that were not proved beyond a reasonable doubt in scoring the offense variables (OV). Defendant argues that this violates the Sixth Amendment of the United States Constitution because it permits a defendant's minimum sentence to be determined on the basis of facts not proven to the jury beyond a reasonable doubt.

In *Alleyne v United States*, ___ US ___, ___; 133 S Ct 2151, 2155; 186 L Ed 2d 314 (2013), citing *Apprendi v New Jersey*, 530 US 466, 483 n 10, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000), the Court found that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id*. However, in *People v Herron*, 303 Mich App 392, 403-404; 845 NW2d 533 (2013), appeal held in abeyance, ___ Mich ___; 846 NW2d 924 (2014), pending a decision in *People v Lockridge*, 496 Mich 852 (2014), the Court held that Michigan's sentencing scheme "does not establish a *mandatory*

*minimum;* therefore, the exercise of judicial discretion guided by the sentencing guidelines scored through judicial fact-finding does not violate due process or the Sixth Amendment right to a jury trial." We are bound to follow that decision. See MCR 7.215(J)(1).

Affirmed.


/s/ Kathleen Jansen
/s/ Patrick M. Meter
/s/ Jane M. Beckering