# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 13, 2015

Plaintiff-Appellee,

v

No. 322428
Wayne Circuit Court
LC No. 14-001531-FC

DJUAN MARTIN LAYE,

Defendant-Appellant.

Before: BORRELLO, P.J., and JANSEN and OWENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and two counts of first-degree premeditated murder, MCL 750.316(1)(a). The trial court sentenced defendant to two years' imprisonment for the felony-firearm conviction and life in prison for the first-degree premeditated murder convictions. We affirm.

Defendant raises several claims of error. He asserts some in the brief submitted by his appellate counsel (defendant's principal brief) and others in his Standard 4 brief. In his principal brief, defendant argues that the trial court abused its discretion by improperly responding to the jury's request to review certain testimony. We disagree.

During its deliberations, the jury sent several notes to the trial court, one of which asked if the jury could review the testimony of Orlando Collier. Collier was the eyewitness who identified defendant at trial. When the jury requested Collier's testimony, the trial court was unable to supply it because the court reporter who had recorded Collier's testimony was not present. Accordingly, the judge proposed that she would respond to the jury with her own note:

> I anticipate responding to [the jury's] note [by] saying, transcripts are not immediately available. Please continue deliberating. Relying on your collective memories as to the testimony . . .

> But I will open it up. And if they [the jurors] really need to hear it we can, and we're attempting right now to see if [we] can locate a copy of the recording of the testimony.

Defense counsel responded, "Judge, I think I'd like for you to fulfill [the jury's] request," to which the judge replied, "If we can." Counsel acquiesced by saying, "Okay . . . Yeah. If we can." Less than an hour later, the jury returned its verdict convicting defendant of the charged offenses.

By affirmatively acquiescing to the trial court's handling of the jury's request, defendant waived appellate review of this issue. *People v Carter*, 462 Mich 206, 214-215; 612 NW2d 144 (2000) (explaining that "counsel may not harbor error as an appellate parachute"; thus, where defense counsel expressly acquiesces to the lower court's handling of a request by the jury, the issue is waived for appellate review and any error is necessarily extinguished) (citing *People v Fetterley*, 229 Mich App 511, 518-519; 583 NW2d 199 (1998)). In any event, the trial court's response to the jury's request was proper. We ordinarily review a trial court's response to a jury's request to review evidence for an abuse of discretion, MCR 2.513(P); *Carter*, 462 Mich at 218, but since defendant did not object to the trial court's response, we review for plain error affecting defendant's substantial rights, *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Regarding such a request, MCR 2.513(P) provides:

> If, after beginning deliberation, the jury requests a review of certain testimony or evidence that has not been allowed into the jury room under subrule (O), the court must exercise its discretion to ensure fairness and to refuse unreasonable requests, but it may not refuse a reasonable request. The court may make a video or audio recording of witness testimony, or prepare an immediate transcript of such testimony, and such tape or transcript, or other testimony or evidence, may be made available to the jury for its consideration. *The court may order the jury to deliberate further without the requested review, as long as the possibility of having the testimony or evidence reviewed at a later time is not foreclosed.* [Emphasis added.]

The trial court's response did not foreclose the possibility of the jury reviewing Collier's testimony at a later time. On the contrary, the trial court explained that, if the jury needed to review Collier's testimony, such testimony would be provided if possible. The jury sent no further notes requesting Collier's testimony. Instead, less than an hour later, it returned its verdict convicting defendant of the charged offenses. Since the trial court's response to the jury's request complied with MCR 2.513(P), that response did not constitute plain error.

In his principal brief, defendant contends that the prosecution improperly argued facts not in evidence. We agree that the prosecution's argument was improper but conclude that reversal of defendant's convictions is nevertheless unnecessary.

Since defendant failed to object to the prosecution's improper argument, or to request a curative instruction regarding that argument, this issue is unpreserved. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010) (citing *People v Unger (On Remand)*, 278 Mich App 210, 235; 749 NW2d 272 (2008)). Thus, our review is for plain error affecting substantial rights, with reversal "warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Bennett*, 290 Mich App at 475-476 (quotation marks and citations omitted). "[A]llegations of prosecutorial misconduct are considered on a case-by-case basis, and the

reviewing court must consider the prosecutor's remarks in context." *Id.* at 475 (citing *People v Akins*, 259 Mich App 545, 562; 675 NW2d 863 (2003)).

Prosecutorial arguments must be viewed "in light of defense arguments and the relationship they bear to the evidence admitted at trial," *People v Brown*, 279 Mich App 116, 135; 755 NW2d 664 (2008) (citation omitted), and the propriety of such arguments is dependent on "the particular facts of each case," *People v Callon*, 256 Mich App 312, 330; 662 NW2d 501 (2003) (citing *People v Johnson*, 187 Mich App 621, 625; 468 NW2d 307 (1991)). Reversal is unwarranted where a "curative instruction could have alleviated any prejudicial effect." *Callon*, 256 Mich App at 329-330 (citations omitted); see also *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994) (noting that a defendant's failure to timely object to improper remarks by the prosecution deprives the trial court of an opportunity to administer a curative instruction).

Defendant's convictions arose out of a shooting incident between two cars. At the scene of the shooting, 16 fired cartridge casings—consistent with ammunition commonly fired by an AK-47 assault rifle—were recovered. Defendant is correct that, during closing arguments, the assistant prosecutor argued—without evidentiary support—that any fingerprints or DNA on the recovered cartridge casings would have been destroyed during the firing process and, as such, fired casings are never tested for fingerprints or DNA. Since those facts were not in evidence, the assistant prosecutor's argument was improper. *Id.* at 686.

Nevertheless, reversal is unwarranted for dual reasons. First, the prosecution's improper argument was a direct, proportional response to defense counsel's following argument:

> [The police] [r]eally didn't do a bang up job on this. Didn't even request—and I didn't ask anybody, hey did you submit the casings for prints[?] Did you submit the casings for DNA[?] I didn't ask anybody.
>
> I know [what] the evidence is gone be [sic]. The answer to that question is no. Shame on [the Detroit Police Department]. Sixteen of 'em [cartridge casings]. Sixteen of 'em. Possibility of getting a print. Or the possibility of getting a DNA match. One out of 16. And they don't do it.

In determining whether prosecutorial misconduct affected the fairness of a trial, this Court applies "the doctrine of invited response," viewing the proportionality of the prosecutorial response to the "invitation" of defense counsel's conduct. *People v Jones*, 468 Mich 345, 353-354; 662 NW2d 376 (2003). The invited response doctrine does not excuse improper prosecutorial conduct; it is, instead, a tool to analyze the impact of such conduct on the trial as a whole. *Id.* The assistant prosecutor's argument, although improper, was a direct response to defense counsel's argument, and it was a proportional response. Defense counsel acknowledged that, since he believed he already knew the answer, he *intentionally* neglected to question police witnesses about whether the recovered cartridge casings had been tested for DNA or fingerprints. He then argued an inference from the very lack of evidence he had created. Since the police *probably* failed to test the cartridge casings for fingerprints and DNA, they must have performed an unprofessional, shoddy investigation. Viewed in context, the prosecution's response was proportional and did not impact the fairness of defendant's trial as a whole. Defendant cannot argue inferences from facts not in evidence, accusing the police of incompetence based on

forensic tests he assumes they never performed, and expect the prosecution to leave such arguments unrebutted.  See *People v Allen*, 351 Mich 535, 544; 88 NW2d 433 (1958) ("When opposing counsel makes accusations and creates inferences of unfairness and unprofessional conduct against the prosecution, he is scarcely in a position to ask a reversal because of equally intemperate language used in reply.").

Secondly, any prejudice defendant might have suffered from the assistant prosecutor's improper argument was remedied by the trial court's proper jury instructions.  "Curative instructions are sufficient to cure the prejudicial effect of most inappropriate prosecutorial statements," and a jury is presumed to follow its instructions.  *Unger (On Remand)*, 278 Mich App at 235 (citations omitted).  Thus, the prejudice from an improper prosecutorial argument is dispelled if the judge instructs the jury "that arguments of attorneys are not evidence." *People v Bahoda*, 448 Mich 261, 281; 531 NW2d 659 (1995).  The trial court properly instructed the jury that the "statements and arguments" of counsel were not evidence and were, instead, "only meant to help [the jury] understand the evidence and each side's legal theories."  Thus, any prejudice to defendant from the prosecutor's improper argument was dispelled.

Finally, in both his principal brief and his Standard 4 brief, defendant claims his trial counsel performed ineffectively in several respects.  We disagree.

Defendant failed to properly preserve his claims of ineffective assistance of counsel by making a motion for a new trial or a *Ginther*[1] hearing in the trial court.  *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000).  Since no *Ginther* hearing occurred, our review is limited to any error apparent on the record.  *People v Buie (On Remand)*, 298 Mich App 50, 60-61; 825 NW2d 361 (2012).  "Whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law."  *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).  When reviewing a claim of ineffective assistance of counsel, there is a strong presumption in favor of the adequacy of counsel and "the defendant bears a heavy burden of proving otherwise."  *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012).  To assert a valid claim of ineffective assistance, "a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms[,] (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different," and (3) the ultimate result was "fundamentally unfair or unreliable."  *Id.*  The "reviewing court must not evaluate counsel's decisions with the benefit of hindsight," but should "ensure that counsel's actions provided the defendant with the modicum of representation" constitutionally required.  *People v Grant*, 470 Mich 477, 485; 684 NW2d 686 (2004) (citing *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984)).

Defendant first argues, in his principal brief, that his trial counsel performed ineffectively by failing to object to the prosecution's improper argument of facts not in evidence, as discussed *supra*.  This claim of error necessarily fails because defendant bears the burden of persuasion

---

[1] *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973).

regarding his ineffective assistance of counsel claim, *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001), and he has failed to offer any explanation of how the prosecution's improper argument prejudiced him, see *People v Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims[.]") (quotation marks and citation omitted). Furthermore, as noted above, any prejudice to defendant from the prosecution's argument of facts not in evidence was remedied by the trial court's subsequent jury instructions. *Bahoda*, 448 Mich at 281.

Next, defendant contends, in his Standard 4 brief, that his counsel performed ineffectively by failing to obtain evidence to support defendant's alibi defense, particularly the testimony of Autumn Redmond, with whom defendant claims he was at the time of the shooting incident. Defendant waived any claim of error related to counsel's failure to call Redmond by explicitly instructing counsel not to call her as an alibi witness at trial. See *Carter*, 462 Mich at 215-216; see also *People v Witherspoon*, 257 Mich App 329, 333; 670 NW2d 434 (2003) ("[A]n appellant may not benefit from an alleged error that the appellant contributed to by plan or negligence."), questioned on other grounds by *People v Huston*, 288 Mich App 387, 397 n 2; 794 NW2d 350 (2010), rev'd 489 Mich 451 (2011).

Aside from Redmond's testimony, defendant claims that he told his counsel to obtain surveillance footage, receipts, and an inventory log sheet from a "Walmark" store that would substantiate defendant's alibi defense. Defendant's claim that his counsel should have obtained such alibi evidence fails because defendant bears the burden of proving the factual predicate for his claim of ineffective assistance of counsel, *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014), but he failed to produce any of the allegedly exculpatory evidence in the trial court, leaving such evidence absent from the record on appeal. Without such evidence, it is impossible to know whether the evidence actually supported defendant's alibi or whether defendant was prejudiced by counsel's failure to obtain such evidence. Indeed, defendant has cited no record evidence that demonstrates he ever told his counsel about the surveillance footage, receipts, and inventory log sheet.

Finally, in his Standard 4 brief, defendant argues that his counsel performed ineffectively by failing to challenge the unduly suggestive nature of the pretrial identification procedures used by the father of one of the victims, Vernon Lawson. To successfully challenge an eyewitness identification on due process grounds, a criminal defendant " 'must show that the pretrial identification procedure was so suggestive in light of the totality of the circumstances that it led to a substantial likelihood of misidentification.' " *People v Williams*, 244 Mich App 533, 542; 624 NW2d 575 (2001) (quoting *People v Kurylczyk*, 443 Mich 289, 302; 505 NW2d 528 (1993)). Defendant does not argue that the pretrial identification procedures utilized *by the police* were unduly suggestive. Instead, defendant questions whether Collier's eyewitness identification testimony was *credible* and whether the pretrial identification procedures utilized by Vernon Lawson—as a private citizen—were unduly suggestive. The credibility of identification testimony is a question of fact that this Court will not "resolve anew" on appeal. *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). Moreover, "the remedy for an unduly suggestive identification procedure is suppression of the in-court identification unless there is an independent basis for its admission." *Id.* at 702 (citation omitted). Thus, by arguing that his counsel should have objected to the propriety of the pretrial identification procedures, defendant

implicitly argues that counsel should have moved to suppress Collier's in-court identification of defendant.

Defendant has cited no record evidence indicating that the police used unduly suggestive identification procedures. Instead, he argues that it was unduly suggestive for Vernon Lawson to show defendant's picture to Collier while Lawson was privately investigating his son's death. But whether Vernon Lawson's behavior was unduly suggestive is irrelevant because he is not a governmental actor. Since the deterrence of future police misconduct is the underlying purpose of the exclusionary rule, see, e.g., *People v Frazier*, 478 Mich 231, 247-251; 733 NW2d 713 (2007) ("[A]pplication of the exclusionary rule is inappropriate in the absence of governmental misconduct."), the exclusionary rule applies to unduly suggestive identification procedures employed by the government, not private citizens like Lawson, see *Perry v New Hampshire*, ___ US ___; 132 S Ct 716, 721; 181 L Ed 2d 694 (2012) ("[W]hat triggers due process concerns is *police use* of an unnecessarily suggestive identification procedure.") (emphasis added). Thus, it would have been futile to move to suppress Collier's in-court identification of defendant on the basis of identification procedures employed by Vernon Lawson. Accordingly, defendant's trial counsel did not perform ineffectively by failing to make such a motion. *People v Horn*, 279 Mich App 31, 42 n 5; 755 NW2d 212 (2008) ("[C]ounsel is not ineffective for failing to make a futile motion.").

Affirmed.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Donald S. Owens