*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRANDON ROBINSON,

        Defendant-Appellant.

UNPUBLISHED
May 9, 2019

No. 342261
Wayne Circuit Court
LC No. 17-006377-01-FC

Before: BOONSTRA, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree arson, MCL 750.72(1)(a), fourth-degree arson, MCL 750.75(1)(a)(*i*), and assault with a dangerous weapon, MCL 750.82(1). Defendant was sentenced, as a second habitual offender, MCL 769.10, to concurrent sentences of 18 to 40 years' imprisonment for first-degree arson, two to five years' imprisonment for fourth-degree arson, and two to four years' imprisonment for assault with a dangerous weapon. We affirm.

## I. SUBSTITUTION OF COUNSEL

Defendant argues that he is entitled to a new trial because the trial court failed to appoint new counsel even though there was a breakdown in the attorney-client relationship and no inquiry into the matter was held. We disagree.

This Court reviews a trial court's decision whether to substitute counsel for an abuse of discretion. *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011). An abuse of discretion occurs when the trial court's "decision falls outside the range of reasonable and principled outcomes." *Id.*, citing *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant's right to counsel. US Const, Am XI; *People v Buie (On Remand)*, 298 Mich App 50, 67; 825 NW2d 361 (2012). However, a defendant is not entitled to have the counsel of his choice appointed by simply making that request. *Id.* "A defendant is only entitled to a substitution of appointed counsel when discharge of the first attorney is for 'good cause' and

does not disrupt the judicial process." *Id*., quoting *People v O'Brien*, 89 Mich App 704, 708; 282 NW2d 190 (1979). Whether the circumstances to justify good cause exist will depend on the facts of each case. *Buie (On Remand)*, 298 Mich App at 67. "Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic." *Strickland*, 293 Mich App at 397 (citation and quotation marks omitted). Good cause may be established by the defendant's allegations that counsel lacks diligence, cannot provide adequate representation, or is disinterested in the case. *Buie (On Remand)*, 298 Mich App at 68.

At the outset, defendant's claim that the trial court failed to adequately inquire into the nature of the alleged breakdown of the attorney-client relationship is unpersuasive. Generally, the trial court should hear a defendant's allegations that his or her assigned counsel is inadequate, lacks diligence, or is disinterested. *Strickland*, 293 Mich App at 397. If a factual dispute exists, the trial court should take testimony and state its findings of facts and conclusions on the record. *Id*. In the present appeal, the trial court gave defendant an opportunity to state his complaints about his counsel on the record. Defendant stated he and his counsel were not communicating, that his counsel referred to him as a "fool," and that his counsel refused to provide him with a copy of the transcript from the preliminary examination as well as other relevant materials. Trial counsel informed the trial court that defendant would not speak with him regarding a potential plea offer. The trial court was also aware that defendant had already recently substituted a new attorney before requesting a second substitution. Thus, the record demonstrates that the trial court did not need to inquire any further into defendant's allegations regarding his counsel to understand them and rule on defendant's motion. *Strickland*, 293 Mich App at 397. The record also reflects that the trial court was exercising caution inquiring into the status of the relationship between defendant and trial counsel to preserve the attorney-client privilege.

Although the record demonstrates that defendant and his counsel did not have an entirely amicable relationship, defendant did not establish good cause for the appointment of new counsel. "[A] complete breakdown of the attorney-client relationship or disagreement over whether a particular line of defense should be pursued may justify appointing new counsel." *Buie (On Remand)*, 298 Mich App at 67 (quotation marks and citation omitted). However, a defendant's general lack of confidence in his or her counsel, in the absence of "a substantial reason," does not constitute good cause. *Strickland*, 293 Mich App at 398. Nor is a defendant's "general unhappiness" with his or her counsel sufficient. *Id*. Defendant's request for a substitution was made one month before trial was scheduled to begin, and as the trial court recognized, a substitution would have resulted in a disruption to the judicial process. While the record reflects that defendant and his counsel were having issues communicating, the record does not support the conclusion that trial counsel's representation was inadequate, lacking in diligence or that trial counsel was not interested in the case. *Buie (On Remand)*, 298 Mich App at 68. Notably, during the October 13, 2017 final conference, after a short break during which defendant and his trial counsel had the opportunity to confer with each other, trial counsel informed the trial court that he had met with defendant, he was willing to make sure that defendant received every document that he requested, and that the pair could sit down and go through the relevant documentation "page by page" to ensure that defendant received everything he wanted and needed. Accordingly, defendant's general allegations of dissatisfaction with his trial counsel's performance do not amount to good cause, and the trial court did not abuse its discretion by denying defendant's request to substitute counsel.

## II. OFFICER RONALDO TURNER'S TESTIMONY

Defendant argues that he is entitled to a new trial because the trial court abused its discretion by admitting portions of Officer Ronaldo Turner's testimony, which defendant claims improperly bolstered Constance Cohens's testimony as a prior consistent statement. We disagree.

This Court reviews a trial court's decision to admit evidence for an abuse of discretion. *People v Musser*, 494 Mich 337, 348; 835 NW2d 319 (2013). "A trial court abuses its discretion when it chooses an outcome that falls outside the range of principled outcomes." *Id*. Even if this Court determines that the trial court erred by admitting evidence, reversal is not warranted unless it affirmatively appears, more probably than not, that the error was outcome determinative. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010). An error is outcome determinative if it undermined the verdict's reliability. *People v Krueger*, 466 Mich 50, 54; 643 NW2d 223 (2002).

Pursuant to MRE 801(c), "'[h]earsay'" is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to *prove the truth of the matter asserted*." (Emphasis added.) Our review of the record reflects that, rather than being admitted to bolster the testimony of Cohens at trial, the challenged evidence was introduced (1) to confirm Officer Turner's understanding when he arrived at the scene of the blaze and after speaking with Cohens that defendant had started the fire and (2) to establish why the police investigation was conducted in the manner it was. Under such circumstances, the challenged evidence cannot be characterized as hearsay. *People v Putman*, 309 Mich 240, 246; 870 NW2d 593 (2015); *People v Chambers*, 277 Mich App 1, 10; 742 NW2d 610 (2007). We are aware that "Michigan law has long proscribed the use of a prior consistent statement to bolster the credibility of a witness." *People v Smith*, 456 Mich 543, 567 n 4; 581 NW2d 654 (1998). However, the instant case does not present a scenario where the prosecution introduced the evidence to "bolster a witness' testimony by referring to prior consistent statements of that witness." *People v Rosales*, 160 Mich App 304, 308; 408 NW2d 140 (1987).[1] Additionally, contrary to defendant's assertion in his brief on appeal, the instant case did not present a credibility contest only between defendant and Cohens, given that additional witnesses clearly identified defendant as the individual who broke into the apartment and set it ablaze. Cf. *id*. ("In such a circumstance where credibility is crucial and motivation to lie is apparent, a prosecutor's reference to the prior consistent statements of a state's witness must be viewed with great suspicion.") Moreover, even if we agreed with defendant's contention that the trial court erred in

---

[1] However, we do note that in her closing argument, the prosecutor pointed to Officer Turner's testimony that Cohens informed him that defendant was the individual that set the fire and hit her with a baseball bat. In her closing argument, the prosecutor also observed that Cohens gave the same statement to the police the next day, stating "[t]his story has never changed." Given our conclusion that any alleged error was not outcome-determinative given the weight and strength of the evidence presented against defendant at trial, *Feezel*, 486 Mich at 192, the prosecution's comments during closing argument do not impact our ultimate disposition of this issue.

admitting the challenged portions of Officer Turner's testimony, we are satisfied that the error was harmless in light of the testimony of Cohens, Billy Payton, and Deborah Tolbert, who all identified defendant as the man who broke into Cohens's apartment. Similarly, Cohens and Payton testified that defendant set the apartment on fire. Accordingly, defendant is not entitled to relief.[2]

### III. JURY INSTRUCTIONS AND VERDICT FORM

Defendant next argues that he is entitled to a new trial because the trial court failed to instruct the jury on necessarily included lesser offenses and gave the jury the incorrect verdict form. We disagree.

Defendant waived his right to appeal any error with respect to the jury instructions or the verdict form because defense counsel expressed satisfaction with the trial court's reading of the jury instructions and explanation of the verdict form. See *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (concluding that the defendant waived his right to appeal an instructional error because defense counsel expressly affirmed the trial court's jury instructions); see also *People v Wade*, 283 Mich App 462, 464; 771 NW2d 447 (2009) ("An issue with a jury verdict form is considered an error in jury instructions.").

At a minimum, these issues are unpreserved since, to preserve an error for this Court's review, a criminal defendant must object to the jury instructions as given or request a particular instruction. *People v Sabin (On Second Remand)*, 242 Mich App 656, 657; 620 NW2d 19 (2000). Defendant did not object to the verdict form or the jury instructions, and failed to request a jury instruction on a lesser included offense.

Generally, this Court reviews claims of instructional error de novo. *Wade*, 283 Mich App at 464. However, because defendant failed to preserve these issues for appellate review, our review is for plain error affecting the defendant's substantial rights. *Kowalski*, 489 Mich at 505. Pursuant to the plain-error analysis, the defendant must demonstrate "(1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected defendant's substantial rights." *Id.*, citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* at 763-764 (citation, quotation marks, and alteration omitted).

"A criminal defendant is entitled to have a properly instructed jury consider the evidence against him." *Wade*, 283 Mich App at 467 (citations and quotation marks omitted). Jury instructions must contain all of the elements of a charged offense "and any material issues, defenses, and theories if there is evidence to support them." *People v Jackson (On Reconsideration)*, 313 Mich App 409, 421; 884 NW2d 297 (2015). The trial court may give a

---

[2] Given our disposition of this issue, we need not address whether the trial court correctly allowed the admission of Officer Turner's testimony pursuant to MRE 801(d)(1)(C).

*requested* jury instruction on a necessarily included lesser offense "if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002). Additionally, the *Cornell* Court observed that MCL 768.29 provides that "[t]he failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused." *Cornell*, 466 Mich at 341. What completely undermines defendant's argument on appeal is that he cannot establish any error on the part of the trial court because he fails to identify an applicable necessarily included lesser offense instruction that the defense requested that the trial court ought to have given. Therefore, we reject defendant's contention that the jury instructions were in any manner deficient.

Defendant also fails to demonstrate any error with respect to the verdict form, which he claims was defective because it did not provide the jury an opportunity to find him guilty of any necessarily included lesser offenses and failed to list any necessarily included lesser offenses. A criminal defendant is entitled to have a verdict form that includes an opportunity to return a general verdict of not guilty. See generally *Wade*, 283 Mich App at 467 ("A criminal defendant is deprived of his constitutional right to a jury trial when the jury is not given the opportunity to return a general verdict of not guilty.") While the the verdict form did not allow for a general verdict of not guilty, it did include a "not guilty" option for each of the charged offenses. Consequently, even if imperfect, jury instructions do not require reversal if they "fairly presented the issues to be tried and sufficiently protected the defendant's rights." *People v Aldrich*, 246 Mich App 101, 124; 631 NW2d 67 (2001). Because the verdict form was not required to include any necessarily included lesser offenses, and provided the jury an opportunity to find defendant guilty or not guilty of each charged offense, defendant fails to demonstrate any error in the verdict form that entitles him to a new trial.

## IV. SENTENCING

Defendant contends that he is entitled to resentencing because the prosecution failed to timely file a habitual offender notice and the trial court used the incorrect sentencing grid to calculate his minimum sentence guidelines range. We disagree.

To preserve an argument that the prosecution failed to timely file a habitual-offender notice, a defendant must raise the issue in the trial court. *People v Marshall*, 298 Mich App 607, 625-626; 830 NW2d 414 (2012), judgment vacated in part on other grounds 493 Mich 1020 (2013). Defendant did not raise this issue in the trial court, and therefore failed to preserve it for our review.[3] "To preserve a sentencing issue for appeal, a defendant must raise the issue 'at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.'" *People v Clark*, 315 Mich App 219, 223; 888 NW2d 309 (2016), quoting MCR 6.429(C). Defendant failed to preserve his argument that the trial court used the incorrect

---

[3] Our review of this issue is generally de novo if the issue is preserved, given that it implicates the interpretation and application of the pertinent statute and court rule. *People v Head*, 323 Mich App 526, 542; 917 NW2d 752 (2018).

sentencing grid because he did not raise the issue at sentencing, in a motion for resentencing and he did not file a motion to remand in this Court. This Court reviews unpreserved claims of error for plain error affecting a defendant's substantial rights. *Marshall*, 298 Mich App at 626, citing *Carines*, 460 Mich at 763.

## A. SENTENCE ENHANCEMENT

Defendant first argues that the prosecution's failure to timely file a habitual-offender notice entitles him to resentencing without that enhancement. We disagree.

MCL 769.13, which authorizes the prosecution to seek an enhanced sentence on the basis of a defendant's prior convictions, provides, in relevant part:

> (1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under [MCL 769.10, MCL 769.11, or MCL 769.12], by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

> (2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1). The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings. The prosecuting attorney shall file a written proof of service with the clerk of the court.

Similarly, MCR 6.112 states, in pertinent part:

> **(F) Notice of Intent to Seek Enhanced Sentence**. A notice of intent to seek an enhanced sentence pursuant to MCL 769.13 must list the prior convictions that may be relied upon for purposes of sentence enhancement. The notice must be filed within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived or eliminated as allowed under MCR 6.113(E), within 21 days after the filing of the information charging the underlying offense.

The notice requirement is intended to inform the accused, at an early stage in the lower court proceedings, that he faces specific consequences if convicted of the underlying offense. *People v Head*, 323 Mich App 526, 543; 917 NW2d 752 (2018). Recently, this Court observed that even where the prosecution did not file the proof of service relating to the notice of intent to seek an enhancement of the defendant's sentence, the error was harmless. *Id*. at 544. This is because the defendant in *Head* "had access to the charging documents, he had notice of the charges against him, including the habitual offender enhancement," and there was no indication at the arraignment on the information that the defendant or his counsel did not have a copy of the

information. *Id*. at 544-545. Thus, pursuant to *Head*, even if the prosecution did not comply with the notice requirements of the statute and the court rule, any error is harmless when the record reflects that the defendant and counsel were otherwise made aware of the prosecution's intention to seek an enhanced sentence. *Id*.

Here, the felony information, which was filed on July 6, 2017, included a notice that defendant was previously convicted of second-degree home invasion, a felony, and was subject to a sentence enhancement pursuant to MCL 769.10. Defendant was arraigned on the information on July 31, 2017. Like the defendant in *Head*, defendant waived a formal reading of the felony information and there is no indication that defendant or his counsel did not receive a copy of the information at the arraignment. Defendant's status as a second habitual offender was also discussed on the record during the October 13, 2017 final conference. Accordingly, the record demonstrates that defendant had notice of the prosecution's intention to seek a sentence enhancement. Notably, the record does not show that defendant asserted a "viable challenge" to his habitual offender status. *Head*, 323 Mich App at 545.

Defendant is correct that a proof of service of the notice of intent to enhance his sentence does not appear in the lower court record. However, we are satisfied that the any error on the part of the prosecution to comply with MCL 769.13 or MCR 6.112 is "harmless because defendant had actual notice of the prosecutor's intent to seek an enhanced sentence and defendant was not prejudiced in his ability to respond to the habitual offender notification." *Id*. at 544. In this case, the purpose of the notice requirement was satisfied given that defendant had notice of the sentence enhancement before trial. Therefore, as in *Head*, the prosecution's "failure to file a proof of service constituted a harmless error that does not require resentencing." *Id*. at 545.[4]

## B. SENTENCING GRID

Defendant next argues that he is entitled to resentencing because the trial court used the incorrect sentencing grid to calculate his minimum sentence guidelines range. We disagree.

Defendant's argument appears to be based on previous versions of the pertinent arson statutes and the sentencing guidelines. Previously, the sentencing guidelines categorized arson of a dwelling house as a Class B offense with a statutory maximum of 20 years in prison. See MCL 777.16c, as amended by 2000 PA 279. At the time, arson was separated into four categories: burning of a dwelling house, burning of other real property, burning of personal property, and burning of insured property. MCL 750.72 through MCL 750.75, as amended by 1931 PA 328. In 2012, the Legislature amended the arson statutes to categorize arson by different degrees. MCL 750.72 through MCL 750.75, as amended by 2012 PA 531 and 2012 PA

---

[4] We acknowledge that our Supreme Court is currently considering an application for leave to appeal to address, as relevant to this appeal, "whether the harmless error tests articulated in MCR 2.613 and MCL 769.26 apply to violations of the habitual offender notice requirements set forth in MCL 769.13[.]" *People v Straughter*, 501 Mich 944 (2017), and that oral argument was heard on October 9, 2018.

532, effective April 3, 2013. The sentencing guidelines were also revised to correspond with the amendments to the arson statutes and to reflect that burning of a dwelling house was now first-degree arson and a Class A offense. MCL 777.16c, as amended by 2013 PA 124, effective October 1, 2013.

First-degree arson is now a Class A offense that is punishable by a maximum sentence of life imprisonment. MCL 777.16c. The guidelines provide a specific sentencing grid for Class A offenses. See MCL 777.62. At defendant's sentencing hearing, the trial court specifically stated that it used the sentencing grid for Class A offenses and recognized that first-degree arson has a statutory maximum penalty of life imprisonment, which is consistent with the applicable statutory maximum for first-degree arson as a Class A offense. The trial court also stated at sentencing that the recommended minimum sentence guidelines range applicable to defendant was 108 to 225 months, which corresponds with the Class A sentencing grid and defendant's offense variable (OV) level II, Prior Record Variable (PRV) level E, and status as a second habitual offender. Thus, we are satisfied that the trial court used the correct sentencing grid and sentenced defendant accordingly.

Affirmed.

/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood