PEOPLE v WADE

Docket No. 281566. Submitted March 10, 2009, at Detroit. Decided April 21, 2009, at 9:00 a.m.

A jury in the Wayne Circuit Court, Annette J. Berry, J., convicted Michael J. Wade of involuntary manslaughter and possession of a firearm during the commission of a felony. The defendant had been charged and tried for first-degree murder. The defendant appealed.

The Court of Appeals *held*:

1. The defendant was deprived of his constitutional right to a jury trial because the verdict form did not give the jury an opportunity to return a general verdict of not guilty or not guilty of the lesser-included offenses of second-degree murder and involuntary manslaughter.

2. The trial judge did not err by denying the defendant's motion to disqualify her from presiding over the trial after she made a negative comment about security guards. The comment was directed at the general class of security guards, not to the defendant specifically, and the trial judge stated that she was not biased against the defendant personally and that she could be fair and impartial. The defendant failed to note any instance of the trial judge's alleged bias and therefore failed to overcome the presumption of impartiality.

Reversed and remanded

1. CRIMINAL LAW — JURY INSTRUCTIONS — CONSTITUTIONAL LAW — RIGHT TO JURY TRIAL.

A criminal defendant is deprived of the constitutional right to a jury trial when the jury is not given the opportunity to return a general verdict of not guilty.

2. JUDGES — DISQUALIFICATION OF JUDGES — CRIMINAL TRIALS — BIAS OF JUDGES.

A judge's general hostility toward those in a criminal defendant's profession, by itself, does not require the judge's disqualification for bias.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, and *Janet A. Napp*, Assistant Prosecuting Attorney, for the people.

*Frederick W. Lauck* and *Kevin S. Gentry* for the defendant.

Before: WHITBECK, P.J., and O'CONNELL and OWENS, JJ.

PER CURIAM. Defendant appeals as of right from his jury-trial convictions of involuntary manslaughter, MCL 750.321, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We reverse and remand.

## I. FACTS

On August 10, 2006, defendant was working as a security guard at a Detroit Police Department impound yard in the city of Detroit. That evening, the victim's cousin dropped the victim off at the impound yard, and the victim entered the yard through a hole in a fence, carrying a duffel bag full of tools. The victim had a history of breaking into the lot and stealing. Defendant became aware that an intruder was in the impound yard. He grabbed a shotgun, loaded it with a bean-bag round, followed by a Brenneke slug, and he pursued the intruder. Defendant eventually found the victim in the passenger seat of a car, tearing out the dashboard.

When defendant yelled "Freeze," the victim threw a tire iron at defendant. The victim then reached into his waistband for an item (which later turned out to be a flashlight) and ran away from defendant. Defendant fired the bean-bag round, which missed the victim.

Defendant then fired a warning shot,[1] which apparently struck the victim, although the victim continued to run from defendant. Defendant waited for several minutes and then walked toward where the victim ran to make sure that the victim was gone. Defendant found the victim dead. Defendant then removed the body from the scene to a dirt road in Salem Township.

## II. VERDICT FORM

Defendant argues that the trial court erred in presenting the jury with an improper verdict form. We agree.

Claims of instructional error are reviewed de novo. *People v Hall*, 249 Mich App 262, 269; 643 NW2d 253 (2002). Jury instructions are to be read as a whole rather than extracted piecemeal to establish error. *People v Aldrich*, 246 Mich App 101, 124; 631 NW2d 67 (2001). And even if somewhat imperfect, instructions do not create error if they fairly presented the issues to be tried and sufficiently protected the defendant's rights. *Id.*

During jury instructions, defense counsel objected to the verdict form, arguing that it did not comply with the standard jury form because the jury was not given the option of finding defendant generally not guilty or not guilty of the lesser-included offenses. The trial court disagreed. The next day, defense counsel again raised the issue, and the trial court again disagreed. The jury was presented with the following verdict form:

---

[1] The parties dispute whether the slug ricocheted before striking the victim. Defendant contends that he fired the shot into the ground, and his ballistics expert supported his contention. However, the medical examiner concluded that the victim's wounds were caused by two direct shots and one ricochet.

POSSIBLE VERDICTS

YOU MAY RETURN ONLY ONE VERDICT FOR EACH COUNT.

COUNT 1 — HOMICIDE — MURDER FIRST DEGREE
— PREMEDITATED (EDWARD BROWDER, JR)
__NOT GUILTY
__GUILTY

OR

__GUILTY OF THE LESSER OFFENSE OF —
HOMICIDE — MURDER SECOND DEGREE (EDWARD
BROWDER, JR.)

OR

__GUILTY OF THE LESSER OFFENSE OF —
INVOLUNTARY MANSLAUGHTER — FIREARM
INTENTIONALLY AIMED (EDWARD BROWDER, JR.)

COUNT 2 — WEAPONS—FELONY FIREARM
__GUILTY
__NOT GUILTY

The jury was also instructed, and reinstructed, by the trial court about the verdict form as follows:

> You understand keenly in the verdict form, as to Count 1, the defendant, Mr. Wade, is charged with . . . Homicide, Murder in the First Degree, Premeditated.
>
> You can either—this is what this instruction is, either Not Guilty or Guilty or you can then consider the lesser offense of . . . Homicide Murder in the Second Degree, if you find the evidence supports that.
>
> If you don't find the evidence supports that and you want to consider the lesser offense, you may go on down to—you may consider the Involuntary Manslaughter, okay. That is—those are your options.
>
> You're only going to check one box. Okay.

* * *

This is the verdict form, ladies and gentlemen, that you're going to be getting.

The first box, under Count 1, Homicide Murder in the First Degree is Not Guilty.

If you find the evidence supports a finding of Not Guilty, you check that box, and then, that's it for Count 1. Got it?

If you don't, however, find that it supports that finding, and you want to go—continue, you go down to the lesser offense of Second Degree Murder.

If you don't find the evidence supports that, you don't check that box.

Go down to the third—if you find that the evidence supports Involuntary Manslaughter, then so be it. If you don't, you don't check that box. It's very simple. Okay.

After deliberations, the jury returned a verdict of guilty of involuntary manslaughter and felony-firearm. The following exchange occurred during the reading of the verdict:

*Court Clerk*: How do you find the defendant, Michael Wade, as to Count 1?

*Foreperson*: Not guilty.

*Court Clerk*: As to Count 2, Felony Firearm?

*Foreperson*: I'm sorry. We've got portions of.

*The Court*: Go ahead.

*Foreperson*: Okay. Count 1, Homicide Murder First Degree, Not Guilty to—

*The Court*: Which box did you check, sir?

*Foreperson*: The bottom box, Guilty of the Lesser Offense of Involuntary Manslaughter.

*The Court*: Okay. So, that's the box that all the members of the jury checked?

*Foreperson*: Yes.

*The Court*: Okay. You only checked one box?

*Foreperson*: Yes, for that Count.

*The Court*: Okay. That's what we're asking you to read.

*Foreperson*: Okay.

*The Court*: Thank you.

*Foreperson*: Guilty of the Lesser Offense of Involuntary Manslaughter, Firearm Intentionally Aimed, Edward Browder, Jr.

*The Court*: Okay. Thank you.

*Court Clerk*: And as to Count 2, Felony Firearm?

*Foreperson*: Guilty.

Defendant moved to set aside the jury verdict or for a judgment notwithstanding the verdict (JNOV), arguing that the verdict form was flawed. The trial court denied defendant's motion in a written opinion and order. The trial court concluded that defendant's argument was not properly supported by authority and that the verdict form in this case was "self-explanatory" and provided the jury with the appropriate options.

" 'A criminal defendant is entitled to have a properly instructed jury consider the evidence against him.' " *People v Hawthorne*, 474 Mich 174, 182; 713 NW2d 724 (2006), quoting *People v Rodriguez*, 463 Mich 466, 472; 620 NW2d 13 (2000). Further, a criminal defendant is deprived of his constitutional right to a jury trial when the jury is not given the opportunity to return a general verdict of not guilty. *People v Clark*, 295 Mich 704, 707; 295 NW 370 (1940); *People v White*, 81 Mich App 335, 339 n 1; 265 NW2d 139 (1978).

In *People v Garcia*, unpublished opinion per curiam of the Court of Appeals, issued October 19, 1988 (Docket No. 94233), this Court reversed the defen-

dant's second-degree murder conviction because of a defective verdict form. The verdict form in *Garcia* noted that only one verdict could be returned by the jury and gave the jury the following options: not guilty of first-degree felony murder, guilty of first-degree felony murder, or guilty of the lesser-included offenses of second-degree murder or armed robbery. *Id.* at 9. This Court concluded that the verdict form was defective, requiring reversal, because it did not give the jury the opportunity to return a general verdict of not guilty. Although this unpublished case is not binding precedent under MCR 7.215(C)(1), our Supreme Court implicitly approved this decision in a subsequent decision, *People v Garcia*, 448 Mich 442; 531 NW2d 683 (1995). Although the issue before the Supreme Court in *Garcia* was collateral estoppel, the basis of the defendant's argument was the jury verdict form. The Supreme Court went so far as to publish the offending jury verdict form, which is very similar to the jury verdict form in the present case. *Id.* at 445 (opinion by RILEY, J.).

Here, we likewise conclude that the verdict form was defective, requiring reversal, because it did not give the jury the opportunity to return a general verdict of not guilty. We note that the verdict form would not have been defective if it had included a box through which the jury could have found defendant not guilty of second-degree murder and not guilty of involuntary manslaughter. Despite the trial court's efforts to clarify the verdict form with its instructions, because of the way the verdict form was set up, the jury was not given the opportunity to find defendant either generally not guilty or not guilty of the lesser-included offenses such that his constitutional right to a trial by jury was violated. Accordingly, we reverse defendant's conviction and remand this case for a new trial.

### III. JUDICIAL DISQUALIFICATION

Defendant argues that the trial judge erred in refusing to disqualify herself from this case. We disagree.

This Court reviews a trial court's factual findings on a motion for disqualification for an abuse of discretion, but the application of the law to the facts is reviewed de novo. *Armstrong v Ypsilanti Charter Twp*, 248 Mich App 573, 596; 640 NW2d 321 (2001).

On January 26, 2007, defense counsel engaged in an after-court conversation with the trial judge. During that conversation, defense counsel alleges, the judge said, "Put a badge on a security guard and they think they're God." A few minutes later, the trial judge also commented that security guards beat people and then lie about it and deny it. Defense counsel, bothered by the statement, took it up with the trial judge at a side bar exchange on February 2, 2007. The trial judge responded on the record that her personal opinion would not influence the proceedings and she would be impartial. Defendant filed a motion to disqualify the trial judge on the basis of bias and prejudice against defendant and his profession, as well as her bias and prejudice against defense counsel. The trial judge denied defendant's motion.

A judge is disqualified if she cannot impartially hear a case, which includes: (1) when she is personally biased or prejudiced for or against a party or attorney; (2) when she has personal knowledge of disputed facts; (3) when she has been involved in the case as a lawyer; (4) when she was a partner of a party or lawyer within the preceding two years; (5) when she knows that she or a relative has an economic interest in the proceeding or a party to the proceeding; (6) when she or a relative is a party or an officer, director, or trustee of a party; (7) when she or a relative is acting as counsel in the

proceeding; or (8) when she or a relative is likely to be a material witness in the proceeding. MCR 2.003(B); *Armstrong, supra* at 596.

Further, as a general rule, a showing of actual, personal prejudice is required to disqualify a judge under MCR 2.003. *Armstrong, supra* at 597. However, our Supreme Court has acknowledged that " 'there might be situations in which the appearance of impropriety on the part of the judge . . . is so strong as to rise to the level of a due process violation.' " *Id.* at 599, quoting *Cain v Dep't of Corrections*, 451 Mich 470, 503, 512 n 48; 548 NW2d 210 (1996). Therefore, a showing of actual bias is not necessary when the judge (1) has a pecuniary interest in the outcome of the case, (2) has been the target of personal abuse or criticism, (3) is enmeshed in other matters involving the petitioner, or (4) might have prejudged the case because of prior participation as an accuser, investigator, fact-finder, or initial decision maker. *Armstrong, supra* at 599. Lastly, a trial judge is presumed to be impartial, and the party asserting partiality has the heavy burden of overcoming that presumption. *Cain, supra* at 497.

Here, the trial judge did admit to making an extrajudicial comment about security guards. However, this comment did not evidence an actual bias against defendant. Indeed, generalized hostility toward a certain class of claimants does not present disqualifying bias. *Illes v Jones Transfer Co (On Remand)*, 213 Mich App 44, 65; 539 NW2d 382 (1995) (CORRIGAN, J., concurring), citing *Aetna Life Ins Co v Lavoie*, 475 US 813, 820-821; 106 S Ct 1580; 89 L Ed 2d 823 (1986) (holding that a judge's "general hostility" toward insurance companies did not require disqualification). Here, the trial judge's comment was directed at a general class to which defendant belongs—security guards; her comments

were not directed at defendant specifically. The trial judge explicitly stated that she was not biased against defendant personally and that she could be fair and impartial in this case. And defendant has failed to note any instance in which the alleged bias exhibited itself at trial. Because defendant has failed to overcome the presumption of impartiality, *Cain, supra* at 497, the trial judge did not err in failing to disqualify herself.

We have reviewed defendant's remaining issues on appeal and find that they are not outcome-determinative. However, we do note, should the issue arise on remand, that the trial court should not allow expert testimony without conducting a hearing to determine its reliability.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.