# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHN ROY BARTLEY,

Defendant-Appellant.

UNPUBLISHED
December 16, 2014

No. 317465
Van Buren Circuit Court
LC No. 10-017394-FC

Before: MARKEY, P.J., and SAWYER and OWENS, JJ.

PER CURIAM.

Defendant appeals as of right his sentences imposed by the trial court following a remand from this Court. We remand for further proceedings consistent with this opinion.

In defendant's first appeal, this Court set forth the underlying facts. *People v Bartley*, unpublished opinion per curiam of the Court of Appeals, issued October 9, 2012 (Docket No. 305813). Defendant was convicted of one count of manslaughter (with a motor vehicle), MCL 750.321, and one count of failure to stop at the scene of an accident resulting in death (failure to stop), MCL 257.617(2). The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to 17 to 30 years' imprisonment for his manslaughter conviction, and 4 years and 9 months to 10 years' imprisonment for his failure to stop conviction. The sentence for defendant's manslaughter conviction was an upward departure from the recommended minimum sentence range under the legislative sentencing guidelines. The sentences were ordered to run concurrent to each other but consecutive to a sentence for which defendant was on parole at the time he committed the offenses. Because defendant was on parole at the time he committed the offenses, he was not given credit for time served while he was awaiting trial or sentencing in this case. Defendant timely appealed his convictions and sentences. This Court affirmed defendant's convictions but found that the trial court incorrectly relied on defendant's claim of innocence as a basis for its upward departure from the sentencing guidelines. *Bartley*, unpub op at 10.

Defendant was resentenced on June 20, 2013. At this time, the trial court sentenced defendant within the recommended minimum sentence range to 14 to 30 years' imprisonment for his manslaughter conviction and to 4 years and 9 months to 10 years' imprisonment for his failure to stop conviction. These sentences were again ordered to run concurrent to each other; however, the trial court did not indicate whether these sentences were to run consecutive to the sentence for which defendant was on parole. In addition, at the time of resentencing, defendant

-1-

was given credit on his sentences in this case for 703 days of time served. On July 16, 2013, the trial court held a "sentence clarification hearing." At this hearing, the trial court clarified that defendant's sentences in this case were to be served consecutively to the sentence for which defendant was on parole. In all other respects, defendant's sentences remained the same as ordered at the resentencing hearing that was held on June 20, 2013. Defendant was again given credit for 703 days of time served on his sentences in this case.

On appeal, defendant argues that at the sentence clarification hearing, the trial court inadvertently failed to give him credit on his sentences for the 26 days that he spent incarcerated between the resentencing hearing on June 20, 2013, and the sentence clarification hearing on July 16, 2013. This unpreserved claim is reviewed for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 764-765; 597 NW2d 130 (1999). Consecutive sentencing is mandatory when someone commits a crime while on parole, and a parolee convicted of a new offense only begins to serve the sentence for his new offense once the parolee has served the remainder of the term of imprisonment for their previous offense. MCL 768.7a(2). See also *People v Howell*, 300 Mich App 638, 643, 647; 834 NW2d 923 (2013). In *Wayne Co Prosecutor v Dep't of Corrections*, 451 Mich 569, 584; 548 NW2d 900 (1996), the Michigan Supreme Court held that MCL 768.7a(2) requires an "offender to serve at least the combined minimums of his sentences, plus whatever portion, between the minimum and the maximum, of the earlier sentence that the Parole Board may, because the parolee violated the terms of parole, require him to serve." *Id.* at 584.

In the present case, defendant was on parole at the time he committed the offenses in this case. Therefore, he was required to serve at least the minimum of the sentence for which he was on parole, plus whatever portion, between the minimum and the maximum, of this sentence that the parole board required him to serve for his parole violation, before he began to serve his sentences for the convictions in this case. At the time defendant committed the offenses in this case he had already served the minimum of the sentence for which he was on parole, but the record does not contain any information regarding how much time defendant was required to serve for his parole violation. Because defendant cannot begin serving his sentences in this case until he completes his sentence for his parole violation, he is not entitled to receive credit for any time served against his sentences in this case until he completes the sentence for his parole violation. No information regarding when this did or may occur is in the record. Therefore, we remand this case to the trial court for clarification related to defendant's sentence for his parole violation, clarification that his sentences in this case do not begin to run until defendant has completed the sentence for his parole violation, and recalculation of how many days of jail credit, if any, defendant should receive for his sentences in this case.

Defendant also raises several issues in his Standard 4 brief. Defendant initially argues that the trial court erred when it denied the motion to disqualify the trial court judge that he filed before resentencing. Defendant argues that he was entitled to be resentenced before a different judge because the trial court judge who originally sentenced defendant was biased based on previously expressed opinions that the judge could not set aside. When reviewing a motion to disqualify a judge, this Court generally reviews the trial court's findings of fact for an abuse of discretion and reviews the court's application of those facts to the relevant law de novo. *People v Roscoe*, 303 Mich App 633, 647; 846 NW2d 402 (2014). However, this issue is not properly

preserved, and review is for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 764-765.

Michigan Court Rule 2.003(C)(1) addresses disqualification of a judge. Pursuant to MCR 2.003(C)(1), disqualification of a judge is warranted if "[t]he judge is biased or prejudiced for or against a party or attorney." Under this subrule, disqualification of a judge is only warranted if the judge is actually biased or prejudiced for or against a party or his attorney. See *Cain v Michigan Dep't of Corrections,* 451 Mich 470, 495; 548 NW2d 210 (1996). Likewise, in *People v Wade*, 283 Mich App 462, 470; 771 NW2d 447 (2009), this Court held that "as a general rule, a showing of actual, personal prejudice is required to disqualify a judge under MCR 2.003," and "a trial judge is presumed to be impartial, and the party asserting partiality has the heavy burden of overcoming that presumption." And, "[c]omments that are critical of or hostile to counsel and the parties are generally not sufficient to pierce the veil of impartiality." *People v Jackson*, 292 Mich App 583, 598; 808 NW2d 541 (2011).

In the present case, the record does not support that the trial judge was biased or prejudiced. Any alleged incorrect finding at sentencing was brief and limited in context. *Id*. at 600. Further, although the trial court made comments critical of defendant's lack of remorse at sentencing, comments that are critical of, or hostile to, a defendant are generally not sufficient to pierce the veil of impartiality. *Id*. at 598. In addition, in denying defendant's motion for disqualification, the trial court judge confirmed that he could be fair and impartial in the case and specifically stated that his responsibilities at resentencing "could not be more clear," and that resentencing "has nothing to do with" the trial court's previously expressed views. *Wade*, 283 Mich App at 471. Moreover, at resentencing it was clear that the trial court's ruling and statements at the original sentencing did not reflect a deep-seated favoritism or antagonism to the extent that the exercise of fair judgment was not possible. *Jackson*, 292 Mich App at 600. Instead, at resentencing the trial court did not mention defendant's lack of remorse.

Nevertheless, defendant argues that the trial court judge who originally sentenced him was biased, and remained biased at the time of resentencing. He supports his argument by the following: (1) this Court already determined that the judge was biased against defendant; (2) the judge did not specifically denounce his previously held, erroneous views; and (3) the judge sentenced defendant to the high end of the guidelines. First, this Court did not previously determine that the trial court judge was biased; there is simply no such finding in this Court's previous opinion. Second, in its opinion denying the motion for disqualification, the trial court stated that its responsibilities at resentencing "could not be more clear," and that resentencing "has nothing to do with" the trial court's previously expressed views. Third, defendant's argument that the trial court's continuing bias was evidenced by the fact that the judge sentenced defendant to the high end of the guidelines at resentencing is not supported by law because "a sentence within the guidelines range is presumptively proportionate." *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). In sum, the record does not support a finding that the trial court judge was biased, and judicial disqualification was not warranted pursuant to MCR 2.003(C)(1)(a). *Cain*, 451 Mich at 495; *Jackson*, 292 Mich App at 600; *Wade*, 283 Mich App at 471. No plain error exists. *Carines*, 460 Mich at 763-764.

In addition, pursuant to MCR 2.003(C)(1)(b)(i), disqualification of a judge is warranted if the judge, based on objective and reasonable perceptions, has "a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, 556 US 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009)." It is only "an extraordinary situation where the Constitution requires recusal." *Id*. at 887. Likewise, this Court has held that "[j]udicial disqualification based on due process grounds is reserved for extreme cases." *Roscoe*, 303 Mich App at 647 (citation omitted). In the present case, the trial court committed an error of law, specifically, departing upward from the sentencing guidelines without a substantial and compelling reason to do so. *Bartley*, unpub op at 10. The trial court was careful to acknowledge that the error would not be repeated on resentencing, and the error was not repeated when defendant was resentenced. The trial court's erroneous finding did not create a serious, objective risk of actual bias that rose to an unconstitutional level, and judicial disqualification was not warranted under MCR 2.003(C)(1)(b)(i) based on due process. *Roscoe*, 303 Mich App at 647-648. No plain error exists. *Carines*, 460 Mich at 763-764.

Next, pursuant to MCR 2.003(C)(1)(b)(ii), disqualification of a judge is warranted if the judge, based on objective and reasonable perceptions, "has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct." Defendant's arguments to support that the trial court judge violated Canon 2 are the same arguments upon which he relied in arguing that the trial court should have been disqualified pursuant to MCR 2.003(C)(1). For all of the reasons set forth above, these arguments are not supported by the record. No plain error exists. *Carines*, 460 Mich at 763-764.

Defendant also argues that the trial court should have been disqualified pursuant to Canon 3(E) of the American Bar Association (ABA) Model Code of Judicial Conduct. Canon 3 addresses extrajudicial activities, not bias or impartiality, and there is no subsection (E) to this model judicial canon. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001). Defendant has insufficiently briefed, and thus abandoned, this argument on appeal. *Id*.

Defendant next argues that he received ineffective assistance of trial counsel because his trial counsel did not request that he be evaluated for competency before resentencing. Because defendant did not raise an ineffective assistance of counsel claim in a motion for new trial or request a *Ginther*[1] hearing in the trial court, this Court's review is "limited to mistakes apparent from the record." *Id*.

A defendant has the burden of proving ineffective assistance of trial counsel, and to do so, "the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

defense counsel's deficient performance prejudiced the defendant." *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012) (citation omitted). A defendant is presumed to be competent, and will only be determined incompetent "if he is incapable because of his mental condition of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational manner." MCL 330.2020(1). The issue of a defendant's competency may be raised by a defendant, the prosecution, or the trial court, MCL 330.2024, and a defendant's trial counsel should raise the issue of competency when there is evidence that the defendant is incompetent. *People v Mette*, 243 Mich App 318, 332 n 8; 621 NW2d 713 (2000). In addition, MCR 6.125(B) states that "[t]he issue of the defendant's competence to stand trial *or to participate in other criminal proceedings* may be raised *at any time during the proceedings* against the defendant." (Emphasis added.)

In the present case, before trial, defendant filed a petition for a referral to determine his competency to stand trial. At the hearing on this petition, defendant's trial counsel stated that defendant was oriented to time and place and understood the nature of the proceedings against him and that he filed the petition against defendant's wishes because he believed that defendant was unable to assist in his own defense. Although defendant insisted that he was competent, the trial court ordered that defendant be examined for competency. Following this examination, and at the hearing on defendant's competency, defendant stipulated to the admission of the competency report, and the trial court found that based on this report, defendant was competent to stand trial. Further, defendant represented himself on the first day of trial, selected his own jury, examined a witness during an *in camera* hearing, and participated in an extensive dialogue with the trial court and prosecution regarding trial witnesses. Therefore, all of the proceedings before and during trial (including defendant's own assertions of competency) support a finding that defendant was competent to understand the nature and object of the proceedings against him and of assisting in his defense in a rational manner.

Next, there was nothing in the record from defendant's original sentencing hearing or resentencing hearing to indicate that defendant's competence should have been reevaluated at anytime thereafter, including before resentencing in this case. According to the Presentence Investigation Report ("PSIR"), although defendant was diagnosed with Attention Deficit Disorder, he stopped taking his medication for this disorder. Although the PSIR also stated that while defendant was in prison for a previous offense he was diagnosed as bipolar, this diagnosis was never confirmed, and the PSIR concluded that he had no psychiatric history. Defendant did not challenge the accuracy of this information in the PSIR, and at defendant's original sentencing hearing he admitted that he had never been diagnosed with bipolar disorder. Further, defendant did not argue that his mental health history rendered him incompetent to participate in the original sentencing or the resentencing; he simply argued that this history should support a sentence at the low end of the sentencing guidelines and that he should receive treatment while in prison. In addition, defendant addressed the victim's family in a cogent and coherent manner at his original sentencing hearing and responded to the trial court in a coherent manner at both his original sentencing and resentencing hearings. Therefore, both the original sentencing and resentencing proceedings support a finding that defendant continued to be competent to understand the nature and object of the proceedings against him and of assisting in his defense in a rational manner. In sum, because there is nothing in the record to indicate that defendant was incompetent to participate in resentencing, defendant cannot establish that his trial counsel was

ineffective for failing to request a competency hearing before sentencing or resentencing. *Mette*, 243 Mich App at 332 n 8. We also note that to the extent defendant argues that his trial counsel's failure to pursue an insanity defense at the time of sentencing deprived him of his constitutional right to present a defense and rendered his trial counsel ineffective, this claim is not supported by law because insanity is an affirmative defense that is asserted at trial. MCL 768.21a(1).

Next, defendant argues that he was denied his constitutional right to be sentenced according to accurate information because the trial court failed to consider his mental health history at the time he was resentenced. This unpreserved claim is reviewed for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764. If a minimum sentence is within the appropriate guidelines sentence range, this Court "shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10). See also *People v Babcock*, 469 Mich 247, 261; 666 NW2d 231 (2003). In addition, MCR 6.425(A)(1)(e) requires that a PSIR include "the defendant's medical history, substance abuse history, if any, and, if indicated, a current psychological or psychiatric report[.]" A PSIR "is presumed to be accurate and may be relied on by the trial court unless effectively challenged by the defendant." *People v Callon*, 256 Mich App 312, 334; 662 NW2d 501 (2003).

In the present case, when resentencing defendant, the trial court considered and relied on the information in the PSIR, and as stated above, defendant did not challenge the accuracy of any of the information in the PSIR regarding his mental health. In addition, when resentencing defendant, the trial court considered and relied on a report from a school psychologist that was *provided by defendant*. Finally, when resentencing defendant, the trial court relied on defendant's arguments regarding his mental health history. The trial court then resentenced defendant within the guidelines. Therefore, the record does not support defendant's argument that the trial court relied on inaccurate information when it resentenced defendant because it failed to consider defendant's need for mental health treatment in determining an appropriate sentence. *Callon*, 256 Mich App at 334. Further, because defendant was sentenced based on accurate information, his due process rights were not violated. And, because there was no error with defendant's new sentence, defendant is not entitled to resentencing and the issue of reassignment of this case for resentencing is moot. *People v Cathey*, 261 Mich App 506, 510; 681 NW2d 661 (2004).

We note that to the extent defendant also argues that the trial court failed to consider his mental health history as a mitigating factor when sentencing him, this argument also fails because a sentence within the guidelines range is presumed to be proportionate. *Babcock*, 469 Mich at 261; *Powell*, 278 Mich App at 323.

Finally, we note that defendant requests that we remand the case to the trial court for evidentiary hearings on the issues of judicial bias and ineffective assistance of counsel. Defendant did not file an appropriate or timely motion to remand pursuant to MCR 7.211(C)(1). In addition, for all of the reasons stated herein, defendant's claims of judicial bias and ineffective assistance of counsel are not meritorious and a further factual record is not necessary for

resolution of these claims on appeal.  Therefore, we deny defendant's request for remand for evidentiary hearings.

We remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ David H. Sawyer
/s/ Donald S. Owens