*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

PAUL ANDREW BROEKHUIZEN,

Defendant-Appellant.

UNPUBLISHED
February 16, 2023

No. 359482
Kent Circuit Court
LC No. 19-006488-FH

Before: SHAPIRO, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

Following a jury trial, defendant appeals as of right his conviction for failing to pay his court-ordered child support, MCL 750.165. The trial court sentenced defendant to three years' probation with 643 days' jail with credit for time served and ordered him to pay $13,702.00 in child support. On appeal, defendant argues that the trial court failed to instruct the jury that, among the factors constituting impossibility, is a payer's religious belief prohibiting him from complying with a support order. We affirm.

## I. FACTUAL BACKGROUND

In a divorce proceeding, the circuit court ordered defendant to pay child support for his two children beginning July 1, 2018. Defendant failed to pay any support from July through December 2018. A felony warrant for failure to pay child support was issued in May 2019.

At trial, defendant, who represented himself, testified that, while he had the ability to pay the child support, it was impossible for him to do so due to his religion. More specifically, defendant's religion precluded him from engaging with "secular courts" by recognizing an order from the State of Michigan directing him to pay child support. Stated otherwise, paying the court-ordered support would be entering into a civil contract. Moreover, defendant testified that he had prepared paperwork that he thought expunged or nullified the child-support edict. And defendant appeared to question the validity of his marriage along with the proceedings that led up to his

-1-

divorce. In part, defendant explained that he had not consented to the divorce, but was defaulted and later avoided service of the divorce judgment ordering the payment of child support.[1]

The trial court instructed the jury regarding the affirmative defense of impossibility:

[Failure to pay child support] is a strict liability crime, and the inability to pay is not a defense and should not be considered in deciding this case. However, the defendant has raised impossibility as a defense, so the following instructions apply.

. . . [T]he defense of impossibility has been raised by the defendant. This is an affirmative defense and the defendant has the burden of proving this defense by a preponderance of the evidence. This means that the defendant must satisfy you that it was more likely than not that it was truly impossible to comply with the family court order.

In order to prove this defense, the defendant must establish that he did everything reasonably possible to provide for his children and to have arranged his finances in such a way that prioritized his parental responsibility in that despite these efforts it was truly impossible for the defendant to comply with the family court order.

The defendant must explore and eliminate all the reasonably possible and lawful avenues of obtaining the revenue to comply with this court order.

. . . [I]n determining whether the defendant has established the defense of impossibility, you should consider whether the defendant has diligently sought employment or that he could have secured additional employment, whether he had investments that could have been liquidated, whether he received gifts or an inheritance, whether he had a home that could have been sold or refinanced, whether he has assets that could have been sold or used as loan collateral, whether he prioritized the payment of child support over the purchase of non-essential items, and whether he took reasonable precautions to guard against financial misfortune and arranged his financial affairs with future contingencies in mind in accordance with one's parental responsibility to one's child.

. . . [Y]ou may consider the defendant's conduct in [sic? and] responses in the family court in determining the possibility of compliance with the support order and to evaluate the defendant's good faith efforts.

---

[1] Defendant testified to these matters even though the trial court had granted the prosecution's pretrial motion barring defendant from offering evidence collaterally attacking the child-support order as well as evidence about his ability or inability to pay court-ordered child support. See *People v Iannucci*, 314 Mich App 542, 545; 887 NW2d 817 (2016) (a defendant in a felony nonsupport case may not collaterally attack the underlying support order).

. . . [I]f you find that the defendant has proven the defense of impossibility by a preponderance of the evidence, then you must find the defendant not guilty. If, however, he failed to prove impossibility, then his impossibility defense fails.

After deliberating for seventeen minutes, the jury convicted defendant as charged.

Defendant appealed as of right.

## II. ANALYSIS

Generally, this Court reviews claims of instructional error de novo. *People v Wade*, 283 Mich App 462, 464; 771 NW2d 447 (2009). But defendant failed to object to the jury instructions, and, therefore, he did not preserve the issue for appellate review.[2] Consequently, this Court reviews for plain error affecting substantial rights, and may grant relief if defendant meets the four-part test in *People v Carines*, 460 Mich 750, 761-762; 597 NW2d 130 (1999). See *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015) (the "*Carines* prongs" are consistent with *United States v Olano*, 507 US 725, 735-737; 113 S Ct 1770; 123 L Ed 2d 508 (1993)). Defendant must establish "that (1) an error occurred, (2) the error was 'plain'—i.e., clear or obvious, and (3) the error affected substantial rights—i.e., the outcome of the lower court proceedings was affected." *Id* at 116-117. If defendant satisfies the first three prongs, the fourth *Carines* prong requires that this Court must "exercise its discretion in deciding whether to reverse," and "relief is warranted only when the court determines that the plain, forfeited error resulted in the conviction of an actually innocent defendant or seriously affect[ed] the fairness, integrity or public reputation of [the] judicial proceedings . . . ." *Id.* (quotation marks and citation omitted; alterations in original).

Criminal defendants have "the right to have a properly instructed jury consider the evidence against him." *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995). "Instructional errors that directly affect a defendant's theory of defense can infringe a defendant's due process right to present a defense." *People v Kurr*, 253 Mich App 317, 326-327; 654 NW2d 651 (2002). Moreover,

[j]ury instructions are to be read as a whole rather than extracted piecemeal to establish error. Even if somewhat imperfect, instructions do not warrant reversal if they fairly present the issues to be tried and sufficiently protected the defendant's rights. The instructions must include all elements of the crime charged and must not exclude consideration of material issues, defenses, and theories for which there is supporting evidence. No error results from the absence of an instruction as long as the instructions as a whole cover the substance of the missing instruction. [*Id.* at 327 (citations omitted).]

In relevant part, MCL 750.165(1) reads:

---

[2] We reject the prosecution's argument that defendant waived any error by purportedly approving of the proposed jury instruction off-the-record. MCR 7.210(A)(1).

If the court orders an individual to pay support . . . for a child of the individual, and the individual does not pay the support in the amount or at the time stated in the order, the individual is guilty of a felony punishable by imprisonment for not more than 4 years or by a fine of not more than $2,000.00, or both.

Defendant does not dispute that the trial court correctly instructed the jury on the elements of felony nonsupport. Instead, defendant contends that the trial court failed to instruct the jury that his religious belief was a factor to consider under the defense of impossibility.

In this case, the trial court instructed the jury regarding the defense of impossibility consistent with M Crim JI 34.5 and based on the factors enumerated by our Supreme Court in *People v Likine*, 492 Mich 367, 402-403; 823 NW2d 50 (2012). In *Likine*, the Court recognized that although felony failure to pay child support is a strict liability offense, the common-law defense of impossibility is an affirmative defense to a felony nonsupport charge. *Id*. at 374-375, 391-392, 398-399. Defendants charged with felony nonsupport must show that they made all reasonable efforts and used all resources at their disposal to comply with the support order. *Id*. at 401-402. "Defendants must not only establish that they cannot pay, but that theirs are among the exceptional cases in which it was not reasonably possible to obtain the resources to pay." *Id*. at 402. For illustrative purposes only, our Supreme Court offered a nonexhaustive list of factors to consider in determining whether the defendant's failure to pay court-ordered child support was due to impossibility, including:

whether the defendant has diligently sought employment; whether the defendant can secure additional employment, such as a second job; whether the defendant has investments that can be liquidated; whether the defendant has received substantial gifts or an inheritance; whether the defendant owns a home that can be refinanced; whether the defendant has assets that can be sold or used as loan collateral; whether the defendant prioritized the payment of child support over the purchase of nonessential, luxury, or otherwise extravagant items; and whether the defendant has taken reasonable precautions to guard against financial misfortune and has arranged his . . . financial affairs with future contingencies in mind, in accordance with one's parental responsibility to one's child. [*Id*. at 402-403.]

These factors are included in M Crim JI 34.5(3), which the trial court read to the jury in this case.

Defendant acknowledges that one's religious belief is not an explicit factor under the defense of impossibility, but contends it should be. Again, defendant's testimony was that he could pay child support, but his religion precluded him from entering into a civil contract with a secular court by recognizing an order from the State of Michigan directing him to pay it.[3]

In *Fisher v Fisher*, 118 Mich App 227; 324 NW2d 582 (1982), this Court considered a father's challenge to the state's authority to dictate a child custody and support order because the order encroached on his religious beliefs. This Court held that the state had a compelling interest in the welfare of minor children affected by divorce. *Id*. at 232. This Court further explained that

---

[3] Defendant cites to Const 1963, art 1, § 4 rather than US Const, Am I and XIV.

the father's religious beliefs did not prohibit him from providing financial support to his children. *Id*. at 235. This Court then held that the defendant's general aversion to state involvement in matters affecting his relationship with his children, based on religious grounds, did not outweigh the state's interest in the welfare of children. *Id*.

So too here. Contrary to defendant's argument, the holding in *Likine* does not mandate this Court reconsider *Fisher*. *Likine* does not discuss whether a religious belief is a factor to consider under the impossibility defense, nor does it suggest that the compelling state interest in a child's welfare is no longer compelling. Although *Fisher* is not binding because it was decided before 1990, we nevertheless find it persuasive.[4] *Long v Liquor Control Comm'n*, 322 Mich App 60, 74 n 5; 910 NW2d 674 (2017).

In sum, the trial court did not plainly err by instructing the jury consistent with M Crim JI 34.5. Moreover, the trial court's instructions fairly presented the issues to be tried and sufficiently protected defendant's rights. See *Kurr*, 253 Mich App at 327. Defendant is not entitled to relief.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Anica Letica
/s/ Kathleen A. Feeney

---

[4] Other jurisdictions likewise recognize that child-support orders serve a compelling state interest and do not violate a parent's right to free exercise of religion. See e.g., *In re Marriage of Didier*, 134 Wash App 490, 498-500; 140 P3d 607 (2006); *Murphy v Murphy*, 574 NW2d 77, 80-83 (Minn App, 1998); *Hunt v Hunt*, 162 Vt 423, 438; 648 A2d 843 (1994). Although these cases are also not binding, we may consider them for their persuasive value. *Estate of Diana Lykos Voutsaras v Bender*, 326 Mich App 667, 676; 929 NW2d 809 (2019).