*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GEOFFREY LAVAR LAWSON,

        Defendant-Appellant.

UNPUBLISHED
March 30, 2023

No. 352449
Genesee Circuit Court
LC No. 08-024090-FC

Before: K. F. KELLY, P.J., and LETICA and RICK, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the trial court's order denying his motion for relief from judgment. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In 2010, a jury convicted defendant of first-degree felony murder, MCL 750.316(1)(b), armed robbery, MCL 750.529, conspiracy to commit armed robbery, MCL 750.157a and MCL 750.529, and possession of a firearm during the commission of a felony, MCL 750.227b.[2] The trial court sentenced defendant to life imprisonment without parole for the felony-murder conviction, and concurrent prison terms of 22-1/2 to 45 years each for the armed robbery and conspiracy to commit armed robbery convictions, and a consecutive two-year term of imprisonment for the felony-firearm conviction. In a

---

[1] After this Court denied defendant's delayed application for leave to appeal, *People v Lawson*, unpublished order of the Court of Appeals, entered May 6, 2020 (Docket No. 352449), the Michigan Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. *People v Lawson*, 508 Mich 1001; 967 NW2d 240 (2021).

[2] The factual background leading to defendant's convictions are not relevant to this appeal but can be found in this Court's prior opinion. See *People v Lawson*, unpublished per curiam opinion of the Court of Appeals, issued June 26, 2012 (Docket No. 302128).

prior appeal, this Court affirmed defendant's convictions and sentences. *People v Lawson*, unpublished per curiam opinion of the Court of Appeals, issued June 26, 2012 (Docket No. 302128).

In 2019, defendant filed a motion for relief from judgment, in which he sought a new trial because, according to defendant, the trial court judge had two improper ex parte communications with the jury outside of his and his attorney's presence. In particular, defendant relied on the following exchange that occurred after the trial court received the jury's note that it had reached a verdict:

> Before we bring the jury out, there was or there were a few letters or notes from the jury. The first one that came out says—all it says was Dr. Sauer's testimony. I interpreted that to mean that they wanted to either read or see it. So, I wrote back as follows. We do not have a transcript of any witness's testimony. It would be too expensive to do that. We can replay Dr. Sauer's testimony on video, but it will take a while for us to put it together. Do you want to see it on video? I did not get a response.

> The second note came out and they wanted the elements for the charges in count one. That would be the felony murder and the second-degree murder and [defense counsel] *wasn't here*. So, I'm going to show what we did. We went online and we took the elements for felony murder, armed robbery, and second-degree murder, and customized them for this case, and took out all the commas, clauses, and all of that, and that's what we sent in to the jury.

> [Defense Counsel]: I don't have any objection to that. [Emphasis added.]

In his motion for relief, defendant argued that he was entitled to a new trial because: (1) the trial court engaged in ex parte communications with the jury while the jury was deliberating; (2) he was denied his right to counsel when the trial court engaged in the ex parte communications without him or his counsel present; (3) he was denied the effective assistance of counsel because his attorney failed to object to the ex parte communications; and (4) he was denied his right to a properly instructed jury and to the effective assistance of counsel when the trial court gave the jury a defective jury verdict form. The trial court denied defendant's motion, and this appeal followed.

## II. STANDARDS OF REVIEW

We "review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes, or makes an error of law." *Id*. at 628-629 (citations omitted). We review constitutional issues de novo. *People v Harris*, 499 Mich 332, 342; 885 NW2d 832 (2016).

## III. DISCUSSION

### A. TRIAL COURT'S EX PARTE COMMUNICATIONS WITH THE JURY

Defendant first argues that the trial court abused its discretion by denying his motion for relief from judgment because the trial court's ex parte communications with the jury during deliberations were improper and prejudiced his trial. We disagree.

At the time of defendant's trial, MCR 6.414(B)[3] provided, in relevant part: "The court may not communicate with the jury or any juror pertaining to the case without notifying the parties and permitting them to be present." In *People v France*, 436 Mich 138; 461 NW2d 621 (1990), the Michigan Supreme Court examined MCR 6.414(A), the predecessor to MCR 6.414(B), in the context of a trial court's ex parte communications with a deliberating jury. The Court held that ex parte communications in violation of the court rule are not subject to automatic reversal. *France*, 436 Mich at 142-143. Rather, "[a] reviewing court must reverse the conviction if it determines that a defendant has been prejudiced by an ex parte communication with the jury." *Id.* at 163. "[B]efore a reviewing court can make a determination regarding the prejudicial effect of an ex parte communication, it must first categorize the communication into one of three categories: substantive, administrative, or housekeeping." *Id.* The Court explained:

> Substantive communication encompasses supplemental instruction on the law given by the trial court to a deliberating jury. A substantive communication carries a presumption of prejudice in favor of the aggrieved party, regardless of whether an objection is raised. The presumption may only be rebutted by a firm and definite showing of an absence of prejudice.

> Administrative communications include instructions regarding the availability of certain pieces of evidence and instructions that encourage a jury to continue its deliberations. An administrative communication has no presumption of prejudice. The failure to object when made aware of the communication will be taken as evidence that the instruction was not prejudicial. Upon an objection, the burden lies with the nonobjecting party to demonstrate that the communication lacked any prejudicial effect.

> * * *

> Housekeeping communications are those which occur between a jury and a court officer regarding meal orders, rest room facilities, or matters consistent with general "housekeeping" needs that are unrelated in any way to the case being decided. A housekeeping communication carries the presumption of no prejudice. First, there must be an objection to the communication, and then the aggrieved party must make a firm and definite showing which effectively rebuts the presumption of no prejudice. [*Id.* at 163-164 (citations and footnote omitted).]

This case involves two ex parte communications by the trial court with the jury during deliberations. According to the record, the first communication involved a jury note that stated: "Dr. Sauer's testimony." In response, the trial court wrote: "We do not have a transcript of any witness's testimony. It would be too expensive to do that. We can replay Dr. Sauer's testimony on video, but it will take a while for us to put it together. Do you want to see it on video?" The trial court did not receive a response.

In our view, the trial court fairly interpreted "Dr. Sauer's testimony" as a request to review the testimony of that witness. The court's responsive communication with the jury, which simply explained

---

[3] MCR 6.414 was subsequently repealed and replaced by MCR 2.513. The relevant language remains substantively the same.

"the availability of certain pieces of evidence," *France*, 436 Mich at 143, was clearly administrative in nature. "An administrative communication has no presumption of prejudice." *Id*. at 163. The trial court placed the communication it had with the jury on the record once trial reconvened. Moreover, the absence of an objection to the trial court's explanation of how it responded to the jury's note can be taken as evidence that the instruction was not prejudicial. See *id*. ("The failure to object when made aware of the [administrative] communication will be taken as evidence that the instruction was not prejudicial."). Defendant does not explain how any reasonable possibility of prejudice arose from the trial court's response, which left it to the jury to decide if it still wanted to see the testimony, but the jury never responded. Reversal is unwarranted because defendant has not demonstrated "any reasonable possibility of prejudice" flowing from this administrative communication between the trial court and the jury. See *id*. at 162-163, 166.

The trial court's ex parte communication after the jury's second note is not as easily resolved; nevertheless, we conclude that defendant is not entitled to a new trial on the basis of this communication. The trial court stated that the jury's second note requested "the elements for the charges in count one." The court then explained how it responded to the jury:

> So, I'm going to *show* what we did. We went online and we took the elements for felony murder, armed robbery, and second-degree murder, and customized them for this case, and took out all the commas, clauses, and all of that, and that's what we sent in to the jury. [Emphasis added.]

Thus, it is undisputed that the trial court provided the deliberating jury with some form of instruction on the law—a substantive communication—while defense counsel was not present. See *France*, 436 Mich at 143 ("Substantive communication encompasses supplemental instructions on the law given by the trial court to a deliberating jury."). Under *France*, a substantive communication carries a presumption of prejudice in favor of the defendant. *Id*. Such presumption of prejudice, however, may be rebutted by a "firm and definite showing of an absence of prejudice." *Id*. at 163. The Court in *France* explained: "The prosecution may rebut the presumption of prejudice with a showing that the instruction was merely a recitation of an instruction originally given without objection, and that it was placed on the record." *Id*. at 163 n 34.

On the basis of the record, the trial court merely provided the jury, in written form, with the same instructions for Count 1 that it had previously given during its final instruction, to which the parties had already agreed. At the time of defendant's trial, the court rules did not require a written copy of the jury instructions to be sent into the jury room with the jury, as they do now. See MCR 2.513(N)(3). Nothing in the record suggests that the instructions given by the trial court were anything other than the standard instructions, which were previously given to the jury. The trial court placed on the record a thorough explanation of what was provided to the jury. The court did not indicate that it made any changes or additions to the standard instructions, other than that it "customized them for this case" and removed unnecessary punctuation marks. The trial court's statement that it went "online" indicates that the court downloaded the written instructions from the online version of the standard jury instructions, and its statement that it "customized" them suggests that it included the victim's name and other details related to the case to fill in the blanks in the standard forms of those instructions. Thus, as was explained on the record, the trial court's ex parte communication was a written recitation of instructions originally given without objection, which would serve to rebut the presumption of prejudice. *Id*. at 163 n 34.

Defendant nevertheless contends that he is entitled to relief because the actual written instructions were not preserved as part of the record. For the reasons previously discussed, there is "a firm and definite showing of an absence of prejudice" sufficient to rebut the presumption of prejudice regarding the trial court's substantive communication to the jury. See *id.* at 143. The absence of a record in this case does not deny defendant an opportunity for meaningful review of what occurred, or cast ineradicable doubt on the fundamental fairness of the proceedings. As previously indicated, the trial court thoroughly explained exactly what it did to respond to the jury's note, which was to provide the standard jury instructions for Count 1, customizing them to this case and removing unneeded punctuation marks, and by "show[ing]" what was done. Moreover, it is significant that, after hearing the trial court's explanation and being "show[n]" what was done, defense counsel stated: "I don't have any objection to that." Defense counsel's response demonstrates that he understood the trial court's explanation and affirmatively agreed with the instructions as given. The trial court's terminology and defense counsel's approval indicate that the written instructions were "show[n]" to counsel, not that they were merely approved by counsel without review, as defendant claims.

Defendant also argues that the trial court violated MCR 6.414(B) by failing to preserve the jury's notes and its responses as part of the record. Intermingled with this argument is the assertion that the failure to preserve the notes and responses demonstrates prejudice in defendant's favor. At the time of defendant's trial, MCR 6.414(B) provided, in pertinent part: "The court must ensure that all communications pertaining to the case between the court and the jury or any juror are made a part of the record." While it would have been ideal for the trial court to have actually preserved the written notes, the court did not violate MCR 6.414(B) because it did make the communications between it and the jury "a part of the record." The court complied with MCR 6.414(B) by reading both of the jury's notes and the court's written response to the first note into the record, and by explaining what was done in response to the second note. While the written instructions were not preserved as related to the jury's second note, the court did thoroughly explain its communication with the jury and showed defense counsel what was done, which allows for a meaningful review of what occurred. Consequently, defendant is not entitled to a new trial under MCR 6.414(B) because the jury notes and the trial court's responses were not preserved by the court.

Furthermore, although the presumption of prejudice has been rebutted on the basis of the record, it also is significant that defendant did not raise this issue on direct appeal. Had defendant raised this issue on direct appeal, the presumption of prejudice arising from a court's substantive communication with the jury, as expressed in *France*, would have applied. Defendant raised this claim, however, in a motion for relief from judgment. "A defendant in a criminal case may move for relief from a judgment of conviction and sentence." *Swain*, 288 Mich App at 629 (citation omitted). Such motions are governed by MCR 6.500 *et seq*. When the defendant seeks such relief on grounds, other than jurisdictional ones, that could have been raised on appeal, the defendant must satisfy "good cause" for the failure to raise such grounds earlier and demonstrate "actual prejudice" as a result of the alleged irregularity. MCR 6.508(D)(3)(a) and (b). "A defendant has the burden to establish entitlement to relief." *Swain*, 288 Mich App at 630, citing MCR 6.508(D). Thus, regarding prejudice, contrary to the burden being on the prosecution to rebut the presumption of prejudice as explained by *France*, defendant has the burden to establish the requisite prejudice under the rules governing a motion for relief from judgment. *Swain*, 288 Mich App at 630. Defendant has not established actual prejudice, as required under MCR 6.508(D).

In sum, reversal is not warranted because defendant has not demonstrated the requisite level of prejudice flowing from either the administrative or substantive communications the trial court had with

the jury. And for all the reasons explained above, we also conclude defendant was not denied his right to counsel at a critical stage of the proceedings[4] or denied his constitutional right to be present[5] as a result of the trial court failing to notify his or defense counsel before it responded to the notes because defendant has not demonstrated he was prejudiced by the communications. Consequently, the trial court did not abuse its discretion when it denied defendant's motion for relief from judgment.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, defendant asserts that his trial attorney was ineffective for failing to object to the trial court's ex parte communications with the deliberating jury and that his appellate attorney was ineffective for failing to raise the claim with this Court. Thus, defendant argues that the trial court abused its discretion by denying his motion for relief from judgment on the basis of this ineffective-assistance claim. Again, we disagree.

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). "To demonstrate ineffective assistance of trial counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013) (citation omitted). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id.* The test for ineffective assistance of appellate counsel is the same as that applicable to a claim of ineffective assistance of trial counsel. *People v Uphaus (On Remand)*, 278 Mich App 174, 186; 748 NW2d 899 (2008).

The effective assistance of counsel is presumed, and the burden is on the defendant to establish the contrary. *People v Roscoe*, 303 Mich App 633, 644; 846 NW2d 402 (2014). "[A] reviewing court must conclude that the act or omission of the defendant's trial counsel fell within the range of reasonable professional conduct if, after affirmatively entertaining the range of possible reasons for the act or omission under the facts known to the reviewing court, there might have been a legitimate strategic reason for the act or omission." *People v Gioglio (On Remand)*, 296 Mich App 12, 22-23; 815 NW2d 589 (2012) (citation omitted), vacated in part on other grounds 493 Mich 864 (2012). Moreover, "[t]he defendant has

---

[4] The Sixth Amendment right to counsel attaches to criminal prosecutions when the judicial process is initiated and extends to every "critical stage" of the proceeding. *People v Williams*, 470 Mich 634, 641; 683 NW2d 597 (2004). A critical stage is "where counsel's absence might harm defendant's right to a fair trial." *People v Buie (On Remand)*, 298 Mich App 50, 61; 825 NW2d 361 (2012) (quotation marks and citation omitted). "It is well established that a total or complete deprivation of the right to counsel at a critical stage of a criminal proceeding is a structural error requiring automatic reversal." *People v Willing*, 267 Mich App 208, 224; 704 NW2d 472 (2005).

[5] "A criminal defendant has a statutory right to be present during his or her trial." *People v Kammeraad*, 307 Mich App 98, 116; 858 NW2d 490 (2014). "A defendant has a right to be present during the voir dire, selection of and subsequent challenges to the jury, presentation of evidence, summation of counsel, instructions to the jury, rendition of the verdict, imposition of sentence, and any other stage of trial where the defendant's substantial rights might be adversely affected." *People v Mallory*, 421 Mich 229, 247; 365 NW2d 673 (1984).

the burden of establishing the factual predicate of his ineffective assistance claim." *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

Defendant has not established that his trial attorney was ineffective by failing to object to the trial court's two ex parte communications with the jury during deliberations. The court placed a detailed account of the communications it had with the jury on the record when trial reconvened. As previously mentioned, in response to the jury's first note, the court simply explained "the availability of certain pieces of evidence," which is an administrative communication that carries no presumption of prejudice. *France*, 436 Mich 163. In an attempt to demonstrate prejudice, defendant argues that "counsel forfeited the only opportunity to inquire of the jury's intent with respect to their note simply labeled 'Dr. Sauer's testimony.' " Defendant's mere speculation that there was some intent beyond the obvious—that the jury had asked to review Dr. Sauer's testimony—is insufficient to show that counsel's failure to object was objectively unreasonable or prejudicial, especially where the trial court explained that it had advised the jury that the witness's testimony could be replayed but would take some time to put it together. The trial court's response left it to the jury to ask if it still wanted to rehear the testimony, and the jury never responded with a follow-up request.

We also disagree that defendant's trial attorney performed deficiently by failing to object to the trial court's substantive communication with the jury when responding to the jury's second note that requested the elements for Count 1. The trial court "show[ed]" defense counsel how it handled the note, indicating that it printed out the standard instructions for Count 1, tailored them to this case, and removed unnecessary punctuation. Defense counsel reasonably may have determined that there was no basis for objecting to the trial court's handling of the matter, given that the court only reinstructed the jury, in written form, with the same previously-approved instructions for Count 1 that it had already read to the jury. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

Even if we were to conclude that defense counsel's performance was deficient for failing to object—and to be clear, we do not—defendant has not demonstrated a reasonable probability that, but for counsel's failure to object, the result of the proceedings would have been different. See *Nix*, 301 Mich App at 207. Defendant attempts to demonstrate prejudice by arguing that "trial counsel abandoned any chance to ascertain why the jury was confused as to the elements of count one." However, because there was no indication that the jury expressed *confusion* as to Count 1, only that it asked for the elements of Count 1, defendant is left only with conjecture. See *People v Pratt*, 254 Mich App 425, 430; 656 NW2d 866 (2002). Defendant's claim that counsel never saw the instructions is weakened by the record, which demonstrates that the trial court stated: "So, I'm going to *show* what we did" and counsel subsequently responded, "I don't have any objection to *that*." (Emphasis added.) Consequently, defendant cannot establish a claim of ineffective assistance of counsel on the basis of his attorney's failure to object.

Similarly, defendant cannot demonstrate that he was prejudiced by his appellate counsel's failure to raise these arguments because, for the reasons previously discussed, there is no reasonable probability that the outcome of defendant's appeal would have been different had appellate counsel raised those arguments on direct appeal. Thus, appellate counsel's failure to raise these futile arguments on direct appeal was not objectively unreasonable. *Uphaus (On Remand)*, 278 Mich App at 186. Accordingly, the trial court did not abuse its discretion by denying defendant's motion for relief from judgment on the basis that he was denied the effective assistance of counsel.

## C.  JURY VERDICT FORM

Lastly, defendant argues that the trial court abused its discretion by denying his motion for relief from judgment on the basis that he was denied his constitutional right to a properly instructed jury. Defendant contends that the verdict form did not provide the jury with the option of returning a general "not guilty" verdict for the felony-murder count.  The argument is meritless.

"A criminal defendant is entitled to have a properly instructed jury consider the evidence against him." *People v Wade*, 283 Mich App 462, 467; 771 NW2d 447 (2009) (quotation marks and citations omitted).  "An issue with a jury verdict form is considered an error in jury instructions." *Id*.  "[A] criminal defendant is deprived of his constitutional right to a jury trial when the jury is not given the opportunity to return a general verdict of not guilty." *Wade*, 283 Mich App at 467.

In this case, the verdict form provided the jury with the following options for the felony-murder count: "Not Guilty," "Guilty of Homicide-Felony Murder," and "Guilty of the Lesser Offense of Murder-2nd Degree."  Thus, contrary to what defendant asserts, the verdict form specifically gave the jury the option to select a general "Not Guilty" verdict for the felony-murder charge.  Similarly, the trial court instructed the jury that one of the available options for the felony-murder charge was a verdict of "not guilty."  Because the record clearly establishes that the jury was given the opportunity to return a general verdict of not guilty, defendant's challenge to the jury verdict form is without merit.

Alternatively, defendant argues that his trial counsel was ineffective for failing to object to the jury verdict form and his appellate counsel was ineffective for failing to raise the issue on direct appeal.  But because the record clearly establishes that the jury was given the opportunity to return a general verdict of not guilty, any objection or argument on appeal would have been meritless.  See *Ericksen*, 288 Mich at 201.  Consequently, the trial court did not abuse its discretion by denying defendant's motion for relief from judgment with respect to this claim.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Anica Letica